IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

ORIGINAL

MARIE CHERY

_____

_____

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

JUSTICE CENTER FOR THE
PROTECTION OF PEOPLE WITH
SPECIAL NEEDS

*(Write the full name of each defendant who is being
sued. If the names of all the defendants cannot fit
in the space above, please write "see attached" in
the space and attach an additional page with the
full list of names.)*

**Complaint for Employment
Discrimination**

Case No. **CV18  0308**

*(to be filled in by the Clerk's Office)*

Jury Trial:   ☒ Yes   ☐ No
*(check one)*

**AZRACK, J.**

BROWN, M. J.

**RECEIVED**

JAN 16 2018

**EDNY PRO SE OFFICE**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JAN 16 2018  ★

LONG ISLAND OFFICE

**Complaint for Employment Discrimination, Page 1**

**See Attached for Full List of Defendants' Names**

   Marie Chery

-against-

P.L.U.S. Group Homes, Inc.

Natouchka Voigt

Teresa Cancilla

Tracey Smith

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | MARIE CHERY |
| Street Address | 770 NASCAN ST. |
| City and County | ELMONT, NY 11003, NASSAU CTY |
| State and Zip Code | |
| Telephone Number | 516- 444-7498 |
| E-mail Address | |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | JUSTICE CENTER FOR THE PROTEC- |
| Job or Title (if known) | TION OF PEOPLE WITH SPECIAL NEEDS |
| Street Address | 161 DELAWARE AVENUE |
| City and County | DELMAR    ALBANY COUNTY |
| State and Zip Code | NY    12054 |
| Telephone Number | 518-549-0200 |
| E-mail Address (if known) | supportcoordinator@justicecenter.ny.gov |

Defendant No. 2

| | |
|---|---|
| Name | P.L.U.S. GROUP HOMES, INC. |
| Job or Title (if known) | |
| Street Address | 1228 WANTAGH AVE. |
| City and County | WANTAGH, NY 11793 |

State and Zip Code   *NASSAU COUNTY*
Telephone Number   *516-409-9454*
E-mail Address
(if known)   _____

## C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

Name   *P.L.U.S. GROUP HOMES, INC.*
Street Address   *1228 WANTAGH AVE.*
City and County   *WANTAGH, NASSAU COUNTY*
State and Zip Code   *NEW YORK   11793*
Telephone Number   *516-409-9454*

# II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

- [x] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

   *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

   *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- [x] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

   *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [x] Other federal law *(specify the federal law):*

3

Continued from Page 2, Part B, of the  Complaint for Employment Discrimination

Defendant No. 3

Name: **Natouchka Voigt**

Job Title: **Supervisor at P.L.U.S. Group Homes, Inc.**

Street Address: **1228 Wantagh Avenue**

City and County: **Wantagh, Nassau County**

State and Zip Code: **New York 11793**

Telephone Number: **516-409-9454**

E-mail Address: **N/A**


Defendant No. 4

Name: **Teresa Cancilla**

Job Title: **Human Resources Director**

Street Address: **1228 Wantagh Avenue**

City and County: **Wantagh, Nassau County**

State and Zip Code: **New York 11793**

Telephone Number: **516-409-9454**

*E-mail Address*: **N/A**

Defendant No. 5

Name: **Tracey Smith**

Job Title: **Supervisor**

Street Address: **1228 Wantagh Avenue**

City and County: **Wantagh, Nassau County**

State and Zip Code: **New York 11793**

Telephone Number: **516-409-9454**

E-mail Address: **N/A**

DISPARATE TREATMENT

☑ Relevant state law *(specify, if known)*:
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
☐ Relevant city or county law *(specify, if known)*:
TITLE VI AND UNDER 42 U.S.C. SECT. 1981

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☑   Failure to hire me.

☑   Termination of my employment.

☑   Failure to promote me.

☑   Failure to accommodate my disability.

☑   Unequal terms and conditions of my employment.

☑   Retaliation.

☑   Other acts *(specify)*: DISPARAGING TREATMENT

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

03-11-2016, 03-16-2016, 03-01-2016

C.   I believe that defendant(s) *(check one)*:

4

☐ ✓ is/are still committing these acts against me.

☑ is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑ race _____

☑ color_____

☐ gender/sex _____

☐ religion _____

☑ national origin _____

☐ age.  My year of birth is _____.  *(Give your year of birth only if you are asserting a claim of age discrimination.)*

☑ disability or perceived disability *(specify disability)*

HEMIHYPERPLASIA (ONE SIDE OF THE BODY OR A PART OF ONE SIDE OF THE BODY IS LARGER THAN THE OTHER.

E.   The facts of my case are as follows.  Attach additional pages if needed.

It WAS alleged that on March 1, 2016 at the Newport Road ICF, located at 247 Newport Road, Uniondale, New York, while a custodian, I committed abuse (obstruction of reports of reportable incidents) when it was alleged that I failed to report a reportable incident involving a service recipient to the VPCR in a timely manner. Nevertheless, only had I been singled out for abuse or neglect after it was imperative that I reported the abuse perpetrated by the very institution that terminated my employment. See Con't Page!

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV.   **Exhaustion of Federal Administrative Remedies**

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

MARCH 16, 2017 (THE ADMINISTRA-
TIVE INVESTIGATION AT THE JUSTICE CENTER

B.    The Equal Employment Opportunity Commission *(check one):* is still ongoing.

☑    has not issued a Notice of Right to Sue letter.

☐    issued a Notice of Right to Sue letter, which I received on *(date)*

_____

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one):*

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

**V.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

THAT DEFENDANTS' ACTIONS AND PRACTICES violated the
state and federal laws. AWARDING DAMAGES FOR
LOST WAGES TO BE DETERMINED AT TRIAL. AWARDING
GENERAL AND COMPENSATORY DAMAGES TO BE DETERMI-
NED AT TRIAL INCLUDING BUT NOT LIMITED TO, EMO-
TIONAL DISTRESS, PHYSICAL PAIN AND SUFFERING, LOSS
OF HOME COMPENSATORY DAMAGES - AMOUNT TO
$1,000,000.00.

**VI.    Certification and Closing**

6

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.      For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: *1-16-1* , 20*18*

Signature of Plaintiff    *x marie chers*
Printed Name of Plaintiff    MARIE CHERY

7

Part E, Page 5, Cont'd

Federal law protects employees like Plaintiff from retaliation, or revenge, for participating in protected activities, such as reporting unlawful activities or participating in an investigation into the practices of her employer. plaintiff's termination of employment was done without cause, in part because it was an employment termination that violates federal and state employment statutes prohibiting discrimination or retaliation. Plaintiff Marie Chery was wrongfully terminated because she was fired for an illegal reason, which involves violation of federal anti-discrimination laws or a contractual breach. As an example, but not the sole example of such discriminatory treatment, upon information and belief, the employer, P.L.U.S. Group Homes, Inc. fired her on the basis of her race, ethnic background, national origin, and disability. It was also because Plaintiff Marie Chery brought to light P.L.U.S. Group Homes, Inc.'s wrongdoing as a whistleblower. The adverse actions on the part of Defendants are considered "retaliation" and are unlawful.

P.L.U.S. Group Homes, Inc. and its hierarchy, to name a few such as Teresa Cancilla, Human Resources Director; Natouchka Voigt, Supervisor; and Tracey Smith, Supervisor, had brushed off the facts to make them look as though Plaintiff was terminated for misconduct to subterfuge the real issues. Besides, on or about March 16, 2016, Plaintiff had visited Tracey Smith for an open, permanent position within the same field and job assignments. Then Natouchka Voigt came over and requested that she talked to Plaintiff about an incident that occurred on September 29, 2015, of which she did not like the idea of Plaintiff's reporting such incident to Justice Center and, hence, she got even and requested that Plaintiff stop her reporting to Justice Center.

Besides, Plaintiff was not allowed to be relieved from her shift for 16 hours per diem while others were allowed to do so, and because she persistently requested the same, and as a result of standing for her rights to reclaim her vested rights, she was unfairly terminated. Besides, Natouchka Voigt, Teresa Cancilla, and Tracey Smith, whose actions are condoned by both Justice Center and P.L.U.S. Group Homes, Inc., had treated Plaintiff with less respect and differently, compared to other non-foreign born Americans.

As an example, but not the sole example of such discriminatory treatment, upon information and belief, Plaintiff was paid less than the white ones and were given less opportunity when they made a request for an accommodation. For instance, whatever Plaintiff did was not right and she was scolded more often than others. She was made work more for less money by assigning her few hours in order to diminish her hours of work.

P.L.U.S. Group Home, Inc's actions, through its management and supervisors Natouchka Voigt and Tracey Smith and Human Resources Director Teresa Cancilla, described above, constitute discriminatory conduct prohibited under federal law. Natouchka said to Plaintiff that she (Natouchka) would never, ever hire a handicap like Plaintiff because Plaintiff had a bad disability. "This job is not for you", Natouchka equipped. Plaintiff had reported such an encounter to Teresa on March 16, 2016. Teresa failed to take action and

1

instead conspired with Natouchka Voigt, Teresa Cancilla, and Tracey Smith to illegally terminate Plaintiff's employment. P.L.U.S. Group Homes, Inc. created a hostile work environment in which Plaintiff Marie Chery was subjected to egregious and negative treatment because her race, national origin and disability.

In or around her employment at P.L.U.S. Group Homes, Inc., Plaintiff has been complaining, protesting to the rank-and-files at P.L.U.S. Homes, Inc., of discrimination endured. Plaintiff complaining of lack of promotion through training and of new position was denied for no reason and that others were being promoted, and that she and other blacks were denied similar opportunities as these white employees.

Since making her complaint of discriminatory conduct, Plaintiff suffered from continuing discrimination and retaliation.

As an example, but again not the sole example of such retaliatory and discriminatory treatment, on or about March 1, 2016, March 11, 2016, Plaintiff was wrongfully targeted for retaliation and insubordination without any sound basis. Natouchka Voigt had a grudge because the house that she ran was involved residents who had been fighting constantly and she did not want the Justice Center to be aware of the situation. Besides, when Anthony had vanished and the whole institution was in turmoil, Plaintiff was not overseeing him, or doing one on one in that regard. Plaintiff's task was assigned to perform services at the kitchen, not to take care of Anthony. so, Natouchka's grudge and animosity to the extent of terminating Plaintiff's employment had not predicated on Plaintiff's wrongdoing. Thus, unlawful discriminatory animus motivates P.L.U.S. Group Homes, Inc.'s employment decision, not for plaintiff's misconduct or poor performance. At one instance, Natouchka called Plaintiff "Black French Fried", Piggy Haitian, "shorty leg". When Plaintiff complained to Teresa Cancilla, both made fun of her and intoned, "Next time, kiss the dishwasher's ass and everybody will just laugh and make fun of you." So, during her employment, she was really subjected to severely racially motivated verbal assaults and to medical harassment by calling Plaintiff all sorts of slurs because of her disability on an ongoing and continuous basis.

Upon information and belief, defendants terminated Plaintiff because she complained to the rank-and-files of P.L.U.S. Group Homes, Inc. and her supervisors and the Justice Center management, the P.L.U.S. Group Homes, Inc. condoned defendants' endured discriminatory practices.

Upon information and belief, the termination letter specified false reasons for plaintiff's termination. The facts alleged herein show that P.L.U.S. Group Homes, Inc. has engaged in unlawful discriminatory practices related to employment, by denying her equal terms, conditions of privileges of employment and then caused her employment to be terminated because of race, color, national origin, opposed discrimination/retaliation in violation of federal statutes.

As a result of the termination, Plaintiff suffered a loss of income and loss of fringe benefits and promotional opportunity.

As a result of the termination, Plaintiff suffered emotional harm and harm to her reputation and family, at which time her sons and husband had endured derivative psychological and depressive trauma.

Defendants' acts of discrimination, harassment of my disability and retaliation were performed intentionally.

By the above acts, including the decision to terminate Plaintiff, Defendants violated 42 U.S.C. Sec. 1981, because it intentionally retaliated against because Plaintiff opposed racially discriminatory practices and filed a complaint against Defendants' racially discriminatory practices and based on Haitian origin. By this, Plaintiff reiterates that P.L.U.S. Group Homes, Inc. discriminated against her on the basis of her race in violation of 42 U.S.C. Sec. 1981 by denying her opportunities to get the new position opened for everybody to apply. For the record, Plaintiff is (1) a member of a racial minority group; (2) the defendants intended to discriminate against plaintiff on the basis of race, disability, color and national origin; and (3) the discrimination concerned an activity enumerated in the statute, such as making and enforcing contracts. Inasmuch as Justice Center, P.L.U.S Group Homes, Inc. condoned the illegal acts perpetrated by Natoochka Voigt, Teresa Cancilla and Tracey Smith, and Plaintiff's constitutional rights were violated, the alleged actions by the employees were the result of an official policy, custom, or practice of the defendant, and that the policy, custom, or practice caused the plaintiff's injuries.

Defendants Natouchka Voigt, Teresa Cancilla and Tracey Smith held managerial and supervisory job positions at Sands Point Center.

Defendants were personally involved in the racial discrimination against Plaintiff.

As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to plaintiff's good name and reputation, lasting embarrassment, humiliation and anguish, as well as monetary damages encompassing financial losses, loss of home, loss of income, and loss of quiet enjoyment of home.

Defendants' conduct was intentional, outrageous and malicious in firing Plaintiff and was intended to injure Plaintiff since her employment at P.L.U.S. Group Homes, Inc, and was done with reckless indifference to Plaintiff's protected civil rights, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

A. Declaring that Defendants' actions and practices violated the state and federal laws;

3

B. Permanently enjoining Defendants from engaging in actions or practices that discriminate against any employees or job applicants because of their color, race, disability and national origin;

C. Awarding damages for lost wages to be determined at trial, including all applicable front and back pay and reimbursement for any and all lost benefits, together with interest thereon from the time of the initial loss until satisfaction of judgment as well as post-judgment interest thereon;

D. Awarding general and compensatory damages to be determined at trial, including but not limited to, emotional distress, physical pain and suffering, loss of quality of life, financial losses, loss of home compensatory damages and quiet enjoyment of home, together with interest thereon from the time of the initial loss until satisfaction of judgment, as well as with post-judgment interest thereon;

E. Awarding attorney's fees;

F. Awarding costs of suit;

G. Awarding punitive or exemplary damages up to the statutory limits, if any;

H. And for such other relief as this Court deems just and proper.

## JURY DEMAND

**Plaintiff demands a trial by jury on all claims properly triable by a jury.**

Dated: January 16, 2018
Nassau, New York

Marie Chery, Pro Se

4

9-28-15

to whom it MAY CONCERN

during MY shift 3 to 11 on Sunday august 2- 2015 JESSICA had body check WAS done No New MARKS on her body I Just APPROCHE by MY ASSitaN MaNager on augusts About a bruise on JESSICA left knee, the WAS No iNJURY OR bruise on her body ~~DEA~~ During MY shift I Do Not see ANY bruise on JESSICA on 8-2-15 Why you wait uNtil 9-28-2015 to CALL m tell me you WANT incident Report this is OVER mouNt A do iK A incident happened you HAVE 24 HRS to DO A incident Report No ~~ano~~ WAit FOR over mount to Asked me to D One that's FORtified Documents I can't Do thi Report FOR YOU SORRY.

Marie Cheay 9-28-15

**PG2**
**Mail Date: 03-21-2016**

**EFF.DT. 03-14-2016**      **LO# 831**
**SOCIAL SECURITY NO.**
**ER NO. 0458204**

1. Employer Name: _P. L. U. S GROUP HOMES Inc._
   Address: _1228 WANTAGH AVENUE WANTAGH N.Y 11793_

   Telephone _516-409-9450_
   Name of Supervisor: _NATouchKA VoiGT_

2. How long did you work for this employer? _7_ Years _6_ Months _15_ Days

3. What was the last date you worked for this employer? _3/12/16_

4. What was your rate of pay? $ _13.26 00_
   ✓ per hour __ per day __ per week __ per year.

5. What were your hours and days of work?
   Hours: From: _3 PM_ To: _11 PM_
   Days: _I DON'T HAVE DAYS BeCAUSE I WORK AS Pen-Dien_

6. What kind of work did you do? (Job Title)
   _group Home_

7. Who told you that you were being fired?
   Name _NATouchKA VoiGt_
   Title:
   When were you told this? _IN the OFFICe PLUS IN the HALLWAY she said ath_
   What were you told would be your last day of work? _I WORK ON 3-11-16 & 3-12-16 After that the_
   _3-12-16 WAS MY LAST DAY WORK_

8. What reason(s) were you given by your employer for being fired?
   _I go to the office BeCAUSE I send leter & email about A position I_
   _SAW posted I caLL TRACEY smith she said any time you ha_
   _A chance come to see me on 3-16-16 I went to see her At theo_
   _NATouchKA CALL me said I tell you that before stop Report thing's hou_

9. If you were accused for violating a company rule, policy or procedure, what explanation or reason did you give in response?
   _NO I not Accused violating ANY thing bach on_
   _September the company Al most Kill 2 or 3 time no one com_
   _to ReLeAse I WORK FOR 16 HR's in to weeks the COMPANY Punish_
   _me in probation For 3 mount because I do to much overtime manager_

10. What reason did your employer give you for not accepting your explanation or denial? _ALWAYS CALL_
    _NATouchKA said I tell you stop Report MY House you diot_
    _I said if you Don't WANT me to RePort incident I will do_
    _SeP-29-15 MeRRick House incident with ellen on FeBRUARY union_
    _House incident with_

11. What was the final incident that resulted in your fire? (Please describe in detail.)
    _it WAS one CON Sumer ontory staff WAS Looking For_
    _him the can't Found ontory when I go Look For him when I opent_
    _Damry I Found ontory siting on the Floor he Drinks 2 Alec A 1 gooy milk_

Marie Chery

On December 15, Amanda called me and asked me what my purpose was for requesting those documents and what I was going to use them for. I said that I just want to see what people have said about me that made me get charged category three. I also asked her why she was worried about realeased documents. Someone who is innocent would not be so panicked. I told her that from now on stop calling me and harassing me. If you have any questions please send it in the mail. I am scared for my life because Justice Center had been following me everywhere I go. I wan all the cover ups to be realeased and my name to be cleared from all of this. I cannot get a job because of this. What they have done to me is very unfair and unjust.

Marie Chery

February 15 at 10:30 AM. I asked her
why the date has changed. She said
that I have no questions to ask, an
I still need to be there. I told
her that I am not going, because
she failed to send me the documents
that the judge requested her to
send since August 30. I was very
surprised in November 30 when
Ms. Amanda was asked "Did you
represent the Justice Center on August
30 2017?" and she replied no. That
was a lie, because on August 30
she introduced herself as "Amanda
Smith, a representative of the Justice
Center". The Justice Center's Matt O
Blue. If you see something, say something.
If you say something, they get
together and cover it up. Plus Group
Home was told every employee that
if anyone mentions the Justice Center
you will get terminated. Every time
Amanda Smith calls me, she records me
without permission. She told the judge that she
has audio recordings of Marie Chery.



Marie chery

770 Nscant st Elmont

I never received the documents Amanda sent
me a form named Qualified Protective and
Confidentiality Order to fill out, so that
she could realease the document. She never
did. I was surprised when I received a
phone call on October 16 and told me that
I have to accept for the case to become
two cases. I said no. She told me
that it doesn't doesn't matter and
that she was going to send me a date
to have an interview over the phone with
Judge David Molik on November 10, 2017
Judge David Molik called me at 2:45 PM.
He was very angry from the moment he
said good morning. The yelling from him
was unbelievable. He told me that whether
I like it or not, the case would turn
into two cases. The Judge also sheduled
for me to go to EJ courts in Plainview on the
second week of June 2018 to see Judge Mary
B. Rocco. On December 15, Amanda Smith
called me and informed that I was going to
receive a notice of hearing in the mail,
and that my court date was changed to

PO BOX 34441
Hollis, NY 11423
516-444-7498

October 6, 2017

Re: Cases # 551047958 & 551048605 – Case #551045715

Justice Center for the Protection of People with Special Needs
 401 State Street, Schenectady, New York 12305.
Attention: David Molik
Director, Administration Hearings Unit

Please, be advised that I would like all these above mentioned cases' information and all details to be sent to **Justice Center for the Protection of People with Special Needs – 401 State Street, Schenectady, New York 12305.**

Pursuant to NY labor Code Art. 20 Sec. 702 Sec. 702-a and New York State General Regulations 466.1 to 466.10 and 466.12 of Human Rights, to serve as request for any grievance records by Justice Center for the Protection of People, I am seeking copies of the following:
All my personal records regarding all grievance maintained by justice Center for the Protection that relate to any grievances concerning me at Queens Hospital, Lab Law Code , Sec. 7020
For example for the Case #551045715 dated  January 17, 2016, I would like to know what was status of this situation.
At last, the case 551047958 dated on March 16, 2016, I am inquiring about it as well, its outcome.
Also the case 551048605, dated on April 4, 2016, I would like to know the outcome of this case as well. I have requested this matter about 6 times and I have never gotten it, please do your best to quickly respond me. Any grievance records by Justice center concerning case center for development and disability, it was all only these 3 cases under my name and I need all those grievance documents of these cases.
Today, I called the Justice Center for the Protection of People with Special Needs about Case #551045715, one Rep surprised me informed me that she would give me another case number, when she called back and she advised that they would open any other case against me. I rejected the new case number she gave me (the rejected case # is 55104865)- I feel like the Justice Center for the Protection of People with Special Needs is harassed me by giving me a new case number *today* , *10-06-17*
If you have any further concerns regarding this matter, fee free to contact me at any time at the above address and number.
Thank you

Best regards,

Marie Cherry

*Marie C. Cherry*

*10-06-2017*

KEDNER P STIVEN
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. # 01ST5075230
COMM. EXP. *3/31/2019*

Ms. Marie Chery
175 Louis Avenue
Elmont, NY 11003

May 20, 2016

**Justice Center for the Protection of People
With Special Needs**
161 Delaware Avenue
Delmar, New York 12054

Dear Office of

Please allow this letter, pursuant to NY **Labor Code Art. 20 Sec. 702-a and New York
State General Regulations 466.1 to 466.10 and 466.12 of the Human Rights**, to serve
as a request for any grievance records by Justice Center for the Protection of People. I am
seeking copies of the following:

My personnel records regarding all grievances maintained by Justice Center for the
Protection of People that relate to any grievances concerning me at P.L.U.S. Group
Homes, Inc. (Lab. Code, Sec. 7020.)

Any instrument signed by me relating to the obtaining or holding of employment or in
connection with any grievance against me. (Lab. Code, Sec. 7020.)

Please provide these documents as soon as possible, but no later than 21 days from the
date of this request for all my grievance records and 30 days from the date of this request
for the remaining records.

Please direct any questions about this request directly to me. Thank you for your attention
to this matter.

Be guided accordingly,

*Marie Chery*

Marie Chery


Sworn to and subscribed before me this 20th day of May 2016

*Michael I. Blake*

Notary Public

MICHAEL I. BLAKE
Notary Public, State of New York
No. 01BL4767054
Qualified in Queens County
Commission Expires Feb. 28, 2019

*Please send me back this information this is 3time I Request for this A.S.AP*

**Ms. Marie Chery**
175 Louis Avenue
Elmont, NY 11003

May 20, 2016

**Justice Center for the Protection of People**
**With Special Needs**
161 Delaware Avenue
Delmar, New York 12054

Dear Office of *RECORds DEPARtMENt*

Please allow this letter, pursuant to NY **Labor Code Art. 20 Sec. 702-a and New York State General Regulations 466.1 to 466.10 and 466.12 of the Human Rights**, to serve as a request for any grievance records by Justice Center for the Protection of People. I am seeking copies of the following:

My personnel records regarding all grievances maintained by Justice Center for the Protection of People that relate to any grievances concerning me at P.L.U.S. Group Homes, Inc. (Lab. Code, Sec. 7020.)

Any instrument signed by me relating to the obtaining or holding of employment or in connection with any grievance against me. (Lab. Code, Sec. 7020.)

Please provide these documents as soon as possible, but no later than 21 days from the date of this request for all my grievance records and 30 days from the date of this request for the remaining records.

Please direct any questions about this request directly to me. Thank you for your attention to this matter.

Be guided accordingly,

*Marie Chery*

Marie Chery

Sworn to and subscribed before me this 20th day of May 2016

*Michael Blake*
Notary Public

MICHAEL I. BLAKE
Notary Public, State of New York
No. 01BL4767054
Qualified in Queens County
Commission Expires Feb. 28, 2019



**NEW YORK**
STATE OF
OPPORTUNITY.

**Justice Center for the Protection of People with Special Needs**

**ANDREW M. CUOMO**
Governor

# REPORT OF SUBSTANTIATED FINDING

May 9, 2016

Ms. Marie Chery
175 Louis Avenue
Elmont, NY 11003

Re: VPCR Case Serial Number 551048605

Dear Ms. Chery:

On April 4, 2016, the Justice Center received a report alleging that you engaged in conduct constituting abuse or neglect of a person receiving services under your care. Those allegations were investigated, and we now inform you of the outcome of that investigation.

The findings of the investigation under the Case Serial Number referred to above are as follows:

## Allegation 1

It was alleged that on March 1, 2016, at the Newport Road ICF, located at 247 Newport Road, Uniondale, New York, while a custodian, you committed abuse (obstruction of reports of reportable incidents) when you failed to report a reportable incident involving a service recipient to the VPCR in a timely manner.

This allegation has been SUBSTANTIATED as Category 3 abuse (obstruction of reports of reportable incidents) pursuant to Social Services Law § 493(4)(c).

## Notice of Right to Request Amendment of Substantiated Report

You have the right to request an amendment of the report of substantiated charges by providing a signed written statement setting forth the basis for the request to the Justice Center Administrative Appeals Unit. This written request for amendment must be received by the Justice Center within 40 days of the date of this notice. Upon receipt of your request for an amendment, the Administrative Appeals Unit will conduct and complete a review of the substantiated report. That review of the record includes the investigative file, the substantiated report, the request for amendment setting forth the basis of your request and any additional evidence you submit with your request. The Administrative Appeals Unit will notify you of its findings. The findings may include: (1) upholding the report in its entirety; (2) modifying the

This allegation has been SUBSTANTIATED as Category 3 abuse (obstruction of reports of reportable incidents) pursuant to Social Services Law § 493(4)(c).

**Notice of Right to Request Amendment of Substantiated Report**

You have the right to request an amendment of the report of substantiated charges by providing a signed written statement setting forth the basis for the request to the Justice Center Administrative Appeals Unit. This written request for amendment must be received by the Justice Center within 40 days of the date of this notice. Upon receipt of your request for an amendment, the Administrative Appeals Unit will conduct and complete a review of the substantiated report. That review of the record includes the investigative file, the substantiated report, the request for amendment setting forth the basis of your request and any additional evidence you submit with your request. The Administrative Appeals Unit will notify you of its findings. The findings may include: (1) upholding the report in its entirety; (2) modifying the report; or (3) finding that the report is unsubstantiated. If the report is not amended from substantiated to unsubstantiated, you will be notified of a date for an administrative hearing.

A substantiated Category 3 finding of abuse or neglect has been made against you. A substantiated Category 3 finding of abuse or neglect will not result in your name being placed on the VPCR Staff Exclusion List. Reports that result in a substantiated Category 3 finding will be sealed after five years.

If you want to request amendment of the substantiated report, send your written request to:

> Administrative Appeals Unit
> Justice Center for the Protection of People with Special Needs
> 161 Delaware Avenue
> Delmar, NY 12054

The written request should include your full name, address and the VPCR case serial number appearing in the upper left hand corner of this letter.

For more information about the amendment process, the regulation governing the Administrative Adjudication Process for Substantiated Cases of Abuse and Neglect (14 NYCRR 700.4) is available on the Justice Center's website at www.justicecenter.ny.gov.

Office of General Counsel
NYS Justice Center for the Protection of People with Special Needs
161 Delaware Avenue
Delmar, NY  12054



**NEW YORK** | **Justice Center for the**
STATE OF | **Protection of People**
OPPORTUNITY. | **with Special Needs**

**ANDREW M. CUOMO**
Governor

## REPORT OF SUBSTANTIATED FINDING

May 9, 2016

Ms. Marie Chery
175 Louis Avenue
Elmont, NY  11003

Re:  VPCR Case Serial Number 551047958

Dear Ms. Chery:

On March 16, 2016, the Justice Center received a report alleging that you engaged in conduct constituting abuse or neglect of a person receiving services under your care.  Those allegations were investigated, and we now inform you of the outcome of that investigation.

The findings of the investigation under the Case Serial Number referred to above are as follows:

### Allegation 1

It was alleged that on March 1, 2016, at the Newport Road ICF, located at 247 Newport Road, Uniondale, New York, while a custodian, you committed abuse (obstruction of reports of reportable incidents) when you failed to report a reportable incident involving a service recipient to the VPCR in a timely manner.

The conduct described in this allegation was addressed in a determination notice sent to you on May 9, 2016 under Case Serial Number 551048605.  In that instance, a substantiated Category 3 finding was made against you.  Because an investigation has revealed that the alleged act of abuse or neglect in this incident, Case Serial Number 551047958, was addressed in the previous determination under Case Serial Number 551048605, the Justice Center has closed its investigation of the allegation.

### Allegation 2

It was alleged that on February 29, 2016, at the Newport Road ICF, located at 247 Newport Road, Uniondale, New York, while a custodian, you committed abuse (obstruction of reports of reportable incidents) when you failed to report a reportable incident involving a service recipient to the VPCR in a timely manner.

**NEW YORK
STATE OF
OPPORTUNITY.**

**Justice Center for the
Protection of People
with Special Needs**

ANDREW M. CUOMO
Governor

# REPORT OF SUBSTANTIATED FINDING

May 9, 2016

Ms. Marie Chery
175 Louis Avenue
Elmont, NY  11003

Re:  VPCR Case Serial Number 551047958

Dear Ms. Chery:

On March 16, 2016, the Justice Center received a report alleging that you engaged in conduct constituting abuse or neglect of a person receiving services under your care.  Those allegations were investigated, and we now inform you of the outcome of that investigation.

The findings of the investigation under the Case Serial Number referred to above are as follows:

## Allegation 1

It was alleged that on March 1, 2016, at the Newport Road ICF, located at 247 Newport Road, Uniondale, New York, while a custodian, you committed abuse (obstruction of reports of reportable incidents) when you failed to report a reportable incident involving a service recipient to the VPCR in a timely manner.

The conduct described in this allegation was addressed in a determination notice sent to you on May 9, 2016 under Case Serial Number 551048605.  In that instance, a substantiated Category 3 finding was made against you.  Because an investigation has revealed that the alleged act of abuse or neglect in this incident, Case Serial Number 551047958, was addressed in the previous determination under Case Serial Number 551048605, the Justice Center has closed its investigation of the allegation.

## Allegation 2

It was alleged that on February 29, 2016, at the Newport Road ICF, located at 247 Newport Road, Uniondale, New York, while a custodian, you committed abuse (obstruction of reports of reportable incidents) when you failed to report a reportable incident involving a service recipient to the VPCR in a timely manner.

This allegation has been SUBSTANTIATED as Category 3 abuse (obstruction of reports of reportable incidents) pursuant to Social Services Law § 493(4)(c).

**Notice of Right to Request Amendment of Substantiated Report**

You have the right to request an amendment of the report of substantiated charges by providing a signed written statement setting forth the basis for the request to the Justice Center Administrative Appeals Unit. This written request for amendment must be received by the Justice Center within 40 days of the date of this notice. Upon receipt of your request for an amendment, the Administrative Appeals Unit will conduct and complete a review of the substantiated report. That review of the record includes the investigative file, the substantiated report, the request for amendment setting forth the basis of your request and any additional evidence you submit with your request. The Administrative Appeals Unit will notify you of its findings. The findings may include: (1) upholding the report in its entirety; (2) modifying the report; or (3) finding that the report is unsubstantiated. If the report is not amended from substantiated to unsubstantiated, you will be notified of a date for an administrative hearing.

A substantiated Category 3 finding of abuse or neglect has been made against you. A substantiated Category 3 finding of abuse or neglect will not result in your name being placed on the VPCR Staff Exclusion List. Reports that result in a substantiated Category 3 finding will be sealed after five years.

If you want to request amendment of the substantiated report, send your written request to:

> Administrative Appeals Unit
> Justice Center for the Protection of People with Special Needs
> 161 Delaware Avenue
> Delmar, NY 12054

The written request should include your full name, address and the VPCR case serial number appearing in the upper left hand corner of this letter.

For more information about the amendment process, the regulation governing the Administrative Adjudication Process for Substantiated Cases of Abuse and Neglect (14 NYCRR 700.4) is available on the Justice Center's website at www.justicecenter.ny.gov.

Office of General Counsel
NYS Justice Center for the Protection of People with Special Needs
161 Delaware Avenue
Delmar, NY 12054

2

**NEW YORK** | **JUSTICE CENTER** for the
STATE OF
OPPORTUNITY. | **Protection of People
with Special Needs**

ANDREW M. CUOMO
Governor

## Administrative Appeals Unit Notice of Administrative Review Determination - Substantiated

January 13, 2017

Ms. Marie Chery
PO Box 230417
Hollis, NY 11423-0417

Re:  VPCR Master Case Number 551047958
VPCR Adjudication Case Number 521051720

Dear Ms. Chery:

Pursuant to Social Services Law § 494 an administrative review of the record has been conducted by the Justice Center Administrative Appeals Unit based upon your request for amendment of the substantiated report of abuse or neglect regarding the above referenced case.

The Administrative Appeals Unit has reviewed the investigative file, the substantiated report, the request for amendment and any additional evidence submitted with your request.  As a result of the review, the Administrative Appeals Unit has determined that a preponderance of evidence supports the finding(s) of abuse or neglect as well as the category level(s), and the report is upheld in its entirety.   As such, your request for amendment of the substantiated report is denied.

Your request for amendment of the substantiated report of abuse or neglect will now be referred to the Administrative Hearings Bureau of the Justice Center.  The Administrative Hearings Bureau will initiate the hearing by scheduling a pre-hearing conference.  You will receive notice of the date, time and place of the pre-hearing conference from the Administrative Hearings Bureau at least 20 days prior to the scheduled date.  An administrative hearing will be scheduled at the time of the pre-hearing conference.

At the hearing, the Justice Center will be required to produce evidence to support the findings of the substantiated report by a preponderance of the evidence.  The questions to be addressed at the hearing are whether there is a preponderance of evidence to support a finding of abuse or neglect, and pursuant to Social Services Law § 493(4), the category level(s) of abuse or neglect.

If you are successful at the hearing and it is determined that a preponderance of the evidence does

161 Delaware Avenue - Delmar, New York 12054 | 518-549-0200 |Justicecenter.ny.gov
Administrative Appeals Unit- Fax number 518-549-1355
E-mail address: jc.sm.admappealsunit@justicecenter.ny.gov

not support a finding of abuse or neglect, the report will be amended to unsubstantiated and sealed pursuant to Social Services Law sections §§ 493(3)(d) and 496(1).

If you are not successful at the hearing, the Justice Center will confirm its findings in the Vulnerable Persons' Central Register (VPCR).

**You have been found responsible for a Category 3 offense.   A substantiated Category 3 finding of abuse or neglect will NOT result in your name being placed on the VPCR Staff Exclusion List.   Reports that result in a substantiated Category 3 finding will be sealed after five years**

If, upon review of this information, you wish to decline your right to a hearing, please submit your request in writing to the Administrative Hearings Bureau.

For more information about the administrative hearing process, the regulation governing the Administrative Adjudication Process for Substantiated Cases of Abuse and Neglect (14 NYCRR Part 700) is available on the Justice Center's website at http://www.justicecenter.ny.gov (click on "Resources").

Please direct any further correspondence regarding this matter to:

**Administrative Hearings Bureau**
**NYS Justice Center for the Protection of People with Special Needs**
**401 State Street**
**Schenectady, New York 12305.**

Administrative Appeals Unit
NYS Justice Center for the Protection of People with Special Needs

2

**NEW YORK STATE**
STATE OF
OPPORTUNITY.

**JUSTICE CENTER** for the
Protection of People
with Special Needs

ANDREW M. CUOMO
Governor

DENISE M. MIRANDA
Executive Director

ADMINISTRATIVE HEARINGS UNIT

July 24, 2017

Ms. Marie Chery
P.O.Box 230417
Hollis, NY 1143-0417

## NOTICE OF PRE-HEARING CONFERENCE – NEW DATE – NEW TIME
Substantiated Case of Abuse or Neglect Administrative Hearing
VPCR Master Case Number: 551047958
VPCR Adjudication Case Number: 521051720

Dear Ms. Cheryi:

As a result of the findings of the Administrative Appeals Unit on the above-referenced substantiated report on file with the New York State Justice Center for the Protection of People with Special Needs (Justice Center), you have been scheduled for a *TELEPHONE* Pre-Hearing Conference as follows:

Telephone Conference date: <u>Wednesday, August 30, 2017 at 10:15 a.m.</u>
Judge: David Molik - (518) 387-3682

This telephone appearance will be a Pre-Hearing Conference only. The full Hearing will not be conducted on this date. However, <u>you must telephone Judge Molik at (518) 387-3682</u> at the prescribed date and time to participate in the Pre-Hearing Conference. If you fail to appear by telephone, you will lose your right to challenge your substantiated finding.

At the Pre-Hearing Conference, each side shall identify and arrange to exchange witness information and the documents and or evidence that each side intends to introduce when the Hearing is held. You should be prepared to tell the Administrative Law Judge about any witnesses that will be testifying on your behalf and any documents that you want the Administrative Law Judge to consider as evidence for you. If you subsequently change your mind about your witnesses and/or your other evidence, you will not be bound by what you said at the Pre-Hearing Conference and you will be allowed to present your case as you wish at the Hearing, as long as the evidence is relevant to the subject matter of the Hearing.

At the Pre-Hearing Conference, both sides and the Administrative Law Judge will agree upon available dates for the Hearing.

If you are not able to participate on the above scheduled date and time and wish to have the matter moved to a future date, please call **(518) 387-3682** and explain the reason. You must also write to the address below explaining why you need the scheduled date moved. Please include a copy of the first page of this letter. Your letter should be sent no later than three (3) days prior to the scheduled conference date.

<u>If you do not appear by telephone at the above date and time and have not written to request the scheduled Pre-Hearing Conference date to be moved, you will be deemed to be in default, which</u>

**means you will lose your right to a Hearing and the report will remain substantiated.** If you do not wish to proceed with (withdraw from) the Pre-Hearing Conference, you need to do so in writing prior to the scheduled date or do so orally on the record at the Pre-Hearing Conference. Please note that a withdrawal will result in the substantiated report remaining on file with the Justice Center. If you fail to appear at the Pre-Hearing Conference, or if you withdraw from the Pre-Hearing Conference, the existence of the report(s) will be disclosed to provider agencies authorized to inquire pursuant to Section 495(2) and 424-a of the Social Services Law and your name will remain on the Vulnerable Person's Central Register.

**Any written response to this letter such as a request to move the date or time (adjourn), or telling us you do not wish to have a Hearing should be faxed (518-417-6648) or mailed to:**

Administrative Hearings Unit
New York State Justice Center for the
Protection of People with Special Needs
401 State Street
Schenectady, New York 12305

You have the right to hire an attorney and be represented by an attorney or representative to help you at the hearing. If you want legal assistance and cannot afford a lawyer, you may be able to obtain free legal assistance by contacting your local legal aid organization. However, this office will **not** provide an attorney to represent you, nor pay for an attorney you may choose to retain. **If you have hired an attorney, to represent you, please have that attorney send a letter noting that appearance to this office.** You also have the right to present evidence on your own behalf, to produce witnesses, to cross-examine witnesses and to review documents that the Justice Center intends to offer into evidence at the hearing.

When the Hearing occurs, subsequent to this Pre-Hearing Conference, the issues to be decided at the Hearing are:
- Whether you have been shown by a preponderance of the evidence to have committed the act or acts giving rise to the substantiated report;
- Whether the substantiated allegations constitute abuse or neglect and;
- Pursuant to Social Services Law § 493(4), the category level of abuse that such act or acts constitute.

If it is decided that abuse or neglect was not committed, the report received by the Vulnerable Persons' Central Register will be amended to reflect that decision.

Sincerely,

David Molik
Director, Administrative Hearings Unit

cc: Amanda Smith, Esq.
Administrative Appeals Unit

 **Professional Placement Nursing**

# Private Duty Weekly Time Sheet
Submit by no later than 9pm every Thursday to FAX#: 631-982-4734
*Time Signed must be signed by Patient or family on date of service*

Employee Name _____

_____ (Print) (Last name)        _____ (First name)        Week Ending Thursday ____ / ____ / ____

Facility Worked: _____        Patient Name: _____

## Use a separate time sheet for each hospital, facility or private duty patient.

| OFFICE USE Service Code RN or CNA | Date (Please complete) | Unit / Floor (Be specific) | Time In (Please circle) | Time Out (Please circle) | Total Shift Hours Worked | Patient/Family Member Signature Manager / Supervisor Signature I understand that my signature below validates the hours worked as indicated. |
|---|---|---|---|---|---|---|
| RN / CNA | Fri | | | | | |
| RN / CNA | Sat | | am / pm | am / pm | | |
| RN / CNA | Sun | | am / pm | am / pm | | |
| RN / CNA | Mon | | am / pm | am / pm | | |
| RN / CNA | Tue | | am / pm | am / pm | | |
| RN / CNA | Wed | | am / pm | am / pm | | |
| RN / CNA | Thu | | am / pm | am / pm | | |
| | | | am / pm | am / pm | | |

*** TIMESHEET MUST BE SIGNED ***

By signing below, I affirm that that the foregoing is correct to the best of my knowledge. I understand that falsifying any record herein may constitute fraud, and can subject me to consequences both civil and criminal.

| | Total Hours Worked |
|---|---|

Employee Signature: _____

| Day of Week | | | | | | | | Date: ____ / ____ / ____ |
|---|---|---|---|---|---|---|---|---|

| PERSONAL ADLs | M | T | W | T | F | S | S |
|---|---|---|---|---|---|---|---|
| 1. Mouth Care/Dentures | | | | | | | |
| 2. Shave / Electric razor only | | | | | | | |
| 3. Dress/Clothe (Assist) | | | | | | | |
| 4. Hair Care | | | | | | | |
| 5. Shampoo | | | | | | | |
| 6. Shower / Tub | | | | | | | |
| 7. Bed Bath | | | | | | | |
| 8. Sponge Bath | | | | | | | |
| 9. Nail Care: Clean/File Only | | | | | | | |
| 10. Skin Care / Lotion | | | | | | | |
| 11. Toilet / Diaper | | | | | | | |
| 12. Empty / Clean Commode | | | | | | | |
| 13. Empty drainage bag | | | | | | | |
| DIET | | | | | | | |
| Prepare and Serve: | | | | | | | |
| 14. Breakfast | | | | | | | |
| 15. Lunch | | | | | | | |
| 16. Dinner | | | | | | | |
| 17. Snacks | | | | | | | |
| 18. encourage Fluids | | | | | | | |
| 19. Other | | | | | | | |
| REMIND TO: | | | | | | | |
| 20. Take Medications | | | | | | | |
| 21. Other | | | | | | | |
| SUPPORTIVE ASSISTANCE | | | | | | | |
| Escort to Medical Appt. | | | | | | | |
| 22. Shopping / Errands | | | | | | | |
| 24. Other | | | | | | | |

| Day of Week | M | T | W | T | F | S | S |
|---|---|---|---|---|---|---|---|
| ACTIVITIES | | | | | | | |
| 25. Assist with Ambulation | | | | | | | |
| 26. Assist with Transfers | | | | | | | |
| □ Hoyer  □ Board  □ Pivot | | | | | | | |
| 27. Turn and Position | | | | | | | |
| HOME MANAGEMENT | | | | | | | |
| 28. Make Bed | | | | | | | |
| 29. Change Linen | | | | | | | |
| CLEAN / TIDY: | | | | | | | |
| 30. Bedroom | | | | | | | |
| 31. Bathroom | | | | | | | |
| 32. Kitchen | | | | | | | |
| 33. Wash Patient's Dishes | | | | | | | |
| 34. Vacuum / Sweep / Mop | | | | | | | |
| 35. Dust Weekly | | | | | | | |
| 36. Empty Trash | | | | | | | |
| 37. Patient's Laundry | | | | | | | |
| OTHER TASK | | | | | | | |
| Temperature | | | | | | | |
| Pulse / Respiration | | | | | | | |
| Blood Pressure | | | | | | | |
| Change / Reinforce Simple Dressing | | | | | | | |
| Assist / Ostomy Care | | | | | | | |
| Passive Range of Motion | | | | | | | |
| Other | | | | | | | |

 **Professional Placement Nursing**

# Private Duty Weekly Time Sheet

Submit by no later than 9pm every Thursday to FAX#: 631-982-4734
*Time Signed must be signed by Patient or family on date of service*

Employee Name _____
(Print)        (Last name)        (First name)

Facility Worked: _____   Patient Name: _____   Week Ending Thursday ____ / ____ / ____

Use a separate time sheet for each hospital, facility or private duty patient.

| OFFICE USE Service Code RN or CNA | Date (Please complete) | Unit / Floor (Be specific) | Time In (Pleas: circle) | Time Out (Please circle) | Total Shift Hours Worked | Patient/Family Member Signature Manager / Supervisor Signature I understand that my signature below validates the hours worked as indicated. |
|---|---|---|---|---|---|---|
| RN / CNA | Fri | | am / pm | am / pm | | |
| RN / CNA | Sat | | am / pm | am / pm | | |
| RN / CNA | Sun | | am / pm | am / pm | | |
| RN / CNA | Mon | | am / pm | am / pm | | |
| RN / CNA | Tue | | am / pm | am / pm | | |
| RN / CNA | Wed | | am / pm | am / pm | | |
| RN / CNA | Thu | | am / pm | am / pm | | |

*** TIMESHEET MUST BE SIGNED ***

By signing below, I affirm that that the foregoing is correct to the best of my knowledge. I understand that falsifying any record herein may constitute fraud, and can subject me to consequences both civil and criminal.

Employee Signature: _____   **Total Hours Worked**

| PERSONAL ADLs | M | T | W | T | F | S | S |
|---|---|---|---|---|---|---|---|
| 1. Mouth Care/Dentures | | | | | | | |
| 2. Shave / Electric razor only | | | | | | | |
| 3. Dress/Clothe (Assist) | | | | | | | |
| 4. Hair Care | | | | | | | |
| 5. Shampoo | | | | | | | |
| 6. Shower / Tub | | | | | | | |
| 7. Bed Bath | | | | | | | |
| 8. Sponge Bath | | | | | | | |
| 9. Nail Care: Clean/File Only | | | | | | | |
| 10. Skin Care / Lotion | | | | | | | |
| 11. Toilet / Diaper | | | | | | | |
| 12. Empty / Clean Commode | | | | | | | |
| 13. Empty drainage bag | | | | | | | |
| DIET | | | | | | | |
| Prepare and Serv: | | | | | | | |
| 14. Breakfast | | | | | | | |
| 15. Lunch | | | | | | | |
| 16. Dinner | | | | | | | |
| 17. Snacks | | | | | | | |
| 18. Encourage Fluids | | | | | | | |
| 19. Other | | | | | | | |
| REMIND TO: | | | | | | | |
| 20. Take Medications | | | | | | | |
| 21. Other | | | | | | | |
| SUPPORTIVE ASSISTANCE | | | | | | | |
| Escort to Medical Appt. | | | | | | | |
| 23. Shopping /Errands | | | | | | | |
| 24. Other | | | | | | | |

Day of Week: _____   Date: ____ / ____ / ____

| ACTIVITIES | M | T | W | T | F | S | S |
|---|---|---|---|---|---|---|---|
| 25. Assist with Ambulation | | | | | | | |
| 26. Assist with Transfers | | | | | | | |
| □Hoyer    □Board    □Pivot | | | | | | | |
| 27. Turn and Position | | | | | | | |
| HOME MANAGEMENT | | | | | | | |
| 28. Make Bed | | | | | | | |
| 29. Change Linen | | | | | | | |
| CLEAN / TIDY: | | | | | | | |
| 30. Bedroom | | | | | | | |
| 31. Bathroom | | | | | | | |
| 32. Kitchen | | | | | | | |
| 33. Wash Patient's Dishes | | | | | | | |
| 34. Vacuum / Sweep / Mop | | | | | | | |
| 35. Dust Weekly | | | | | | | |
| 36. Empty Trash | | | | | | | |
| 37. Patient's Laundry | | | | | | | |
| OTHER TASK | | | | | | | |
| Temperature | | | | | | | |
| Pulse / Respiration | | | | | | | |
| Blood Pressure | | | | | | | |
| Change / Reinforce Simple Dressing | | | | | | | |
| Assist / Ostomy Care | | | | | | | |
| Passive Range of Motion | | | | | | | |
| Other | | | | | | | |



**Professional Placement Nursing**

# Private Duty Weekly Time Sheet
*Submit by no later than 9pm every Thursday to FAX#:631-982-4734*
*Time Signed must be signed by Patient or family on date of service*

Employee Name _____
(Print)        (Last name)        (First name)

Facility Worked: _____   Week Ending Thursday ____ / ___ /

Patient Name: _____

Use a separate time sheet for each hospital, facility or private duty patient.

| OFFICE USE Service Code RN or CNA | Date (Please complete) | Unit / Floor (Be specific) | Time In (Please circle) | Time Out (Please circle) | Total Shift Hours Worked | Patient/Family Member Signature Manager / Supervisor Signature I understand that my signature below validates the hours worked as indicated. |
|---|---|---|---|---|---|---|
| RN / CNA | Fri | | | | | |
| RN / CNA | Sat | | am / pm | am / pm | | |
| RN / CNA | Sun | | am / pm | am / pm | | |
| RN / CNA | Mon | | am / pm | am / pm | | |
| RN / CNA | Tue | | am / pm | am / pm | | |
| RN / CNA | Wed | | am / pm | am / pm | | |
| RN / CNA | Thu | | am / pm | am / pm | | |

*** TIMESHEET MUST BE SIGNED ***

By signing below, I affirm that that the foregoing is correct to the best of my knowledge. I understand that falsifying any record herein may constitute fraud, and can subject me to consequences both civil and criminal.

Employee Signature: _____   **Total Hours Worked**

Date: ____ / ___ /

| Day of Week | M | T | W | T | F | S | S | Day of Week | M | T | W | T | F | S | S |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **PERSONAL ADLS** | | | | | | | | **ACTIVITIES** | | | | | | | |
| 1. Mouth Care / Dentures | | | | | | | | 25. Assist with Ambulation | | | | | | | |
| 2. Shave / Electric razor only | | | | | | | | 26. Assist with Transfers | | | | | | | |
| 3. Dress/Clothe (Assist) | | | | | | | | ☐Hoyer    ☐Board    ☐Pivot | | | | | | | |
| 4. Hair Care | | | | | | | | 27. Turn and Position | | | | | | | |
| 5. Shampoo | | | | | | | | **HOME MANAGEMENT** | | | | | | | |
| 6. Shower / Tub | | | | | | | | 28. Make Bed | | | | | | | |
| 7. Bed Bath | | | | | | | | 29. Change Linen | | | | | | | |
| 8. Sponge Bath | | | | | | | | CLEAN / TIDY: | | | | | | | |
| 9. Nail Care: Clean/File Only | | | | | | | | 30. Bedroom | | | | | | | |
| 10. Skin Care / Lotion | | | | | | | | 31. Bathroom | | | | | | | |
| 11. Toilet / Diaper | | | | | | | | 32. Kitchen | | | | | | | |
| 12. Empty / Clean Commode | | | | | | | | 33. Wash Patient's Dishes | | | | | | | |
| 13. Empty drainage bag | | | | | | | | 34. Vacuum / Sweep / Mop | | | | | | | |
| **DIET** | | | | | | | | 35. Dust Weekly | | | | | | | |
| Prepare and Serv: | | | | | | | | 36. Empty Trash | | | | | | | |
| 14. Breakfast | | | | | | | | 37. Patient's Laundry | | | | | | | |
| 15. Lunch | | | | | | | | | | | | | | | |
| 16. Dinner | | | | | | | | | | | | | | | |
| 17. Snacks | | | | | | | | **OTHER TASK** | | | | | | | |
| 18. Exchange Fluids | | | | | | | | Temperature | | | | | | | |
| 19. Other | | | | | | | | Pulse / Respiration | | | | | | | |
| **REMIND TO:** | | | | | | | | Blood Pressure | | | | | | | |
| 20. Take Medications | | | | | | | | Change / Reinforce Simple Dressing | | | | | | | |
| 21. Other | | | | | | | | Assist / Ostomy Care | | | | | | | |
| **SUPPORTIVE ASSISTANCE** | | | | | | | | Passive Range of Motion | | | | | | | |
| 22. Escort to Medical Appt. | | | | | | | | Other | | | | | | | |
| 23. Shopping / Errands | | | | | | | | | | | | | | | |
| 24. Other | | | | | | | | | | | | | | | |

# Earnings Statement

| CO. | FILE | DEPT. | CLOCK | VCHR NO. | 040 |
|-----|------|-------|-------|----------|-----|
| 5B3 | 006286 | 523 | | 0000360093 | 1 |

P.L.U.S. GROUP HOMES INC.
1228 WANTAGH AVENUE
WANTAGH, NY 11793

Period Beginning: 08/15/2015
Period Ending: 08/28/2015
Pay Date: 09/04/2015

Taxable Marital Status: Married
Exemptions/Allowances:
Federal: 1
NY: 1

0000000093
MARIE C CHERY
175 LOUIS AVE
ELMONT, NY 11003

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Reg | 13.0000 | 80.00 | 1,040.00 | 2,495.00 |
| Overt | 19.5000 | 84.00 | 1,638.00 | 4,563.00 |
| **Gross Pay** | | | **$2,678.00** | |

| Deductions | Statutory | | this period | year to date |
|------------|-----------|---|-------------|--------------|
| | Federal Income Tax | | -293.53 | 495.74 |
| | Social Security Tax | | -166.04 | 282.91 |
| | Medicare Tax | | -38.83 | 66.16 |
| | NY State Income Tax | | -137.89 | 197.80 |
| | NY SUI/SDI Tax | | -1.20 | 4.48 |
| | **Net Pay** | | **$2,040.51** | |
| | Checking | | -2,040.51 | |
| | **Net Check** | | **$0.00** | |

Your federal taxable wages this period are
$2,678.00.

© 1998, 2006, ADP, LLC All Rights Reserved.

Important Notes
YOUR COMPANY'S PHONE NUMBER IS 516-409-9450

520-2017-01678

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. **Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)**

### 1. Personal Information

Last Name: CheRY    First Name: MARie    MI: CARoLE

Street or Mailing Address: 175 LOUiS AVE    Apt or Unit #: _____

City: ELMont    County: Nassau    State: N.Y    Zip: 11003

Phone Numbers: Home: (516) 4444-7498    Work: (____)

Cell: (516) 4444-7498    Email Address: mCELESTin 2201@Hotmail.Com

Date of Birth: 01-22-1973    Sex: ☐ Male ☑ Female    Do You Have a Disability? ☑ Yes ☐ No

**Please answer each of the next three questions.**    i. Are you Hispanic or Latino? ☐ Yes ☑ No

ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaskan Native ☐ Asian ☐ White
☑ Black or African American ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? _____

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: JoCELYn cheRY    Relationship: HuSbAn

Address: 175 LOUiS AVE    City: ELMont    State: NY    Zip Code: 11003

Home Phone: (516) 270-0495    Other Phone: (____) N/A

### 2. I believe that I was discriminated against by the following organization(s): (Check those that apply)

☑ Employer ☐ Union ☐ Employment Agency ☐ Other (Please Specify) by MANAgement

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: P.L.U.S. GRoUP HoMe, INC

Address: 1228 WAntAgh AVE    County: _____

City: WAntAgh    State: N.Y Zip: 11793    Phone: (516) 409-9454

Type of Business: _____    Job Location if different from Org. Address: _____

Human Resources Director or Owner Name: TERESA CANCiLLA    Phone: (516) 409-9450

**Number of Employees in the Organization at All Locations:** Please Check (✓) One

☐ Fewer Than 15 ☐ 15 – 100 ☑ 101 – 200 ☐ 201 – 500 ☐ More than 500

### 3. Your Employment Data (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☐ No

Date Hired: 6-18-15    Job Title At Hire: DiRect, CARe

Pay Rate When Hired: $13.26    Last or Current Pay Rate: $13.26

Job Title at Time of Alleged Discrimination: 3-16-16    Date Quit/Discharged: 3-16-16

Name and Title of Immediate Supervisor: _____

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☒ Race ☐ Sex ☐ Age ☒ Disability ☐ National Origin ☐ Religion ☒ Retaliation ☐ Pregnancy ☐ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involved:
i. genetic testing    ii. family medical history    iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: _____

If you checked genetic information, how did the employer obtain the genetic information? _____

_____

Other reason (basis) for discrimination (Explain): _____

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed.
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A. Date: 6-18-3-16-16 Action: Fired by NAtoucheKA voigt TRACEY Smith

_____

Name and Title of Person(s) Responsible: NAtoucKA voigt SuperVisor

B. Date: 3-16-16 Action: NAtoucKA SAi to me you need to say
tHANKs to TRACEY I SAY why she said if I wAS someone I don't think,
Name and Title of Person(s) Responsible: TERESA CANCilla, R.N. EXECutive DiRECtoR

**6. Why do you believe these actions were discriminatory?** Please attach additional pages if needed.
NAtouchKA SAid you need Help Your self MARie you have A bAd
Disability this Job is not foR you I RePoRt it to teResA on 3-16-16

**7. What reason(s) were given to you for the acts you consider discriminatory?** By whom? His or Her Job Title?
on 3-16-16 I come to see tRACEY Smith RegaRding a PeRmanent Position.
NatouchKA SAid MARie I WANT to tX tAlk to you About ANtoNY incident I Say a

**8. Describe who was in the same or similar situation as you and how they were treated.** For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| KeiSy, NiCaLAS | She WAS SEXuAL HARASSMENt | | |

4 heR ASSiStANt mAnageR. the CompANy WAS Fired heR because
she RePoRted the HARASSMENt.

Of the persons in the same or similar situation as you, who was treated *worse* than you?

<u>Full Name</u>

Race, Sex, Age, National Origin, Religion or Disability   <u>Job Title</u>

A. _____

<u>Description</u> of Treatment

_____

B. _____

_____

Of the persons in the same or similar situation as you, who was treated the *same* as you?

<u>Full Name</u>

Race, Sex, Age, National Origin, Religion or Disability   <u>Job Title</u>

A. _____

Description of Treatment

_____

_____

_____

Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability.  If not, skip to question 13.  Please tell if you have more than one disability.  Please add additional pages if needed.

Please check all that apply:

☑ Yes, I have a disability
☐ I do not have a disability now but I did have one
☐ No disability but the organization treats me as if I am disabled

What is the disability that you believe is the reason for the adverse action taken against you?  Does this disability prevent or limit you from doing anything?  (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

MY DISABILITY IS PRevent Me LiFting and CARRYing

Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?

☐ Yes ☐ No

If "Yes," what medication, medical equipment or other assistance do you use?

I hAve MY Right leg short

Did you ask your employer for any changes or assistance to do your job because of your disability?

☐ Yes ☐ No

If "Yes," when did you ask? 3-11-16 How did you ask (verbally or in writing? MY SupeRvisoR

Who did you ask?  (Provide full name and job title of person)

NatouchKA Voigt and she refer me to tRACeY smith

What were the changes or assistance that you asked for: I CALL NatouchKA I said House

2 I work at uniondale house the consumer is fighting "I want to be hit on MY leg can you please put me to another house she said go apply for A new position.

How did your employer respond to your request?

**13. Are there any witnesses to the alleged discriminatory incidents?  If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)**

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|---|---|---|---|

A. _Keisy Nicolas_

_She will say on 9-24-2015 incident was happen Heller was going_

B. _For Eye Surgery the want me to take responsibility for_

_Something I Did not do Manson Y she is a manager for merrick H_

**14. Have you filed a charge previously on this matter with the EEOC or another agency?**  ☐ Yes  ☐ No

**15. If you filed a complaint with another agency, provide the name of agency and the date of filing:** _____

**16. Have you sought help about this situation from a union, an attorney, or any other source?**  ☐ Yes  ☑ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

_N/A_

**Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire.**  If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws.  **If you do not file a charge of discrimination within the time limits, you will lose your rights.**  If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1.  If you want to file a charge, you should check Box 2.

**BOX 1** ☐ I want to talk to an EEOC employee before deciding whether to file a charge.  I understand that by checking this box, I have not filed a charge with the EEOC.  **I also understand that I could lose my rights if I do not file a charge in time.**

**BOX 2** ☑ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that **the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.**  I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_Marie C. Chery_
**Signature**

_3/16/17_
**Today's Date**

**PRIVACY ACT STATEMENT:** This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) **FORM NUMBER/TITLE/DATE.** EEOC Intake Questionnaire (9/20/08). 2) **AUTHORITY.** 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)
3) **PRINCIPAL PURPOSE.** The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) **ROUTINE USES.** EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION.** Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

520-2017-01678

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if **needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)**

## 1. Personal Information

Last Name: _CheRY_ First Name: _MARie_ MI: _CARoLE_

Street or Mailing Address: _175 LOUiS AVE_ Apt or Unit #: _____

City: _ELMont_ County: _Nassau_ State: _N.Y_ Zip: _11003_

Phone Numbers: Home: (516) _444-7498_ Work: (___) _____

Cell: (516) _444-7498_ Email Address: _mCELEStiN2201@Hotmail.com_

Date of Birth: _01-22-1973_ Sex: ☐ Male ☑ Female Do You Have a Disability? ☑ Yes ☐ No

**Please answer each of the next three questions.** i. Are you Hispanic or Latino? ☐ Yes ☑ No

ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaskan Native ☐ Asian ☐ White
☑ Black or African American ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? _____

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: _JOCELYN cheRY_ Relationship: _HUSbAN_

Address: _175 LOUiS AVE_ City: _ELMont_ State: _NY_ Zip Code: _11003_

Home Phone: (516) _270-0495_ Other Phone: (___) _N/A_

## 2. I believe that I was discriminated against by the following organization(s): (Check those that apply)

☑ Employer ☐ Union ☐ Employment Agency ☐ Other (Please Specify) _by MANagement_

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: _P.L.U.S. GROUP HoMe, INc_

Address: _1228 WANtagh AVE_ County: _____

City: _WANtagh_ State: _N.Y_ Zip: _11793_ Phone: (516) _409-9454_

Type of Business: _____ Job Location if different from Org. Address: _____

Human Resources Director or Owner Name: _TERESA CANCiLLA_ Phone: (516) _409-9450_

**Number of Employees in the Organization at All Locations:** Please Check (✓) One

☐ Fewer Than 15 ☐ 15 – 100 ☑ 101 – 200 ☐ 201 – 500 ☐ More than 500

## 3. Your Employment Data (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☐ No

Date Hired: _6-18-15_ Job Title At Hire: _DiRect, CARE_

Pay Rate When Hired: _$13.26_ Last or Current Pay Rate: _$13.26_

Job Title at Time of Alleged Discrimination: _3-16-16_ Date Quit/Discharged: _3-16-16_

Name and Title of Immediate Supervisor: _____

If Job Applicant, Date You Applied for Job _6-18-1..._

**Marie Chery**
175 Louis Avenue
Elmont, NY 11003

June 8, 2016

**Administrative Appeals Unit**
Justice Center for the Protection of People with
Special Needs
161 Delaware Avenue
Delmar, NY 12054

Re: Letter-Brief setting forth my Version of the Events transpiring my
Arbitrary and Capricious Termination on Muted Abuse or Neglect and Grounds in
Regard to the Unfair Decision predicated on no Fact-Findings of Wrongdoing,
inasmuch as there was no Abuse or Neglect at the Outset – Finding Neglect or Abuse
on one Violation is excessive Punishment. Thus, an Expungement or Step 1 Paper
Review of the decision is respectfully requested.

Legal Action will be ensued brachystochronically

VPCR Case Serial Number 551047958

## STATEMENT OF CASE

As requested, I, Marie Chery, respectfully submit this letter-style memo-brief, to wit, my
appeal, or the request for the amendment of the report, setting forth my version of the
events transpiring my wrongful/excessive punishment, of which an uncorroborated
report, based on innuendoes and misfeasance, was submitted for abuse or neglect of a
resident **under the auspices of Newport Road ICF** -- for which unfounded act was not
proven. Only I have been singled out for abuse or neglect when in fact it was imperative
that I report the abuse perpetrated by the very institution that imposed this punishment on
my persona to the office that oversaw such abuse. Had I not done so, another type of
charge would still be lodged to that effect. As such, I had not been neglected in the
pursuit of my duties inasmuch as I was very active determining what transpired and
reported so immediately. To paraphrase what Tracey Smith said to me on March 18,
2016, she did ask me whether or not any attempts were made to Justice Center relative to
the incident, when I said, "yes', she replied that "we could no longer accept any
grievance" and that "we'll not accept you at our institution any longer." "I will make sure
that you never work in this field again." "I will report you to appropriate authorities."

At first, I went on March 16, 2016 to visit Tracey Smith for a permanent position within
the same field and job assignments. Then Natouchka Voigt came over and requested that
she talked to me about the incident that occurred. Natouchka told me once I reported the
incident to her, you should not have reported it to the manager. So, there's been a cover-

1

up throughout this matter and that I was terminated simply as a pretext for failure to report un-reportable incident involving a service recipient to the VPCR in a timely.

I was simply trying to perform my duties and exercise my responsibilities in strict accordance with the law. Nonetheless, Newport Road ICF was simply interested in concealing the facts of the matter, rather than revealing what's set forth. While in fact I was exercising my due diligence to extend my heartfelt help and I was singled out in the process. For the record, I solely reported what was transpired, but was not involved per se in any incident. Thus, Justice Center either misconstrued the records or sided with Newport Road ICF just for the sole purpose of destroying my career.

Nonetheless, I was terminated on an unsubstantiated Category 3 finding of abuse or neglect as a pretext for failure to report an incident in a timely manner, which was unfounded, because it was not deemed "abuse or neglect or a failure to provide adequate care". The employer wanted me to consult with its staff before proceeding to the Justice Center, whereas it reported to the same that I failed to report in a timely manner just to soothe its wrongful termination of my employment.

First of all, I was wrongfully labeled the person responsible for the untimely reporting of the said incident, inasmuch as I was railroaded for the immediate reporting to Justice Center. So, I was not ignoring the recipient's reportable incident to the VPCR, and I was in fact exercising my responsibility in time. The Newport Road ICF was simply rushing to judgment, and the Justice Center simply was accommodating its sister institution without any objective standard. What a conundrum! While Newport Road ICF sets rules and policies governing employees' behavior and actions, why has it cast a scant eye on its misreporting the incident in the process of diverting the general public's attention to the real issues? Did Newport Road ICF and/or NYS Justice Center have all the fact-findings to terminate me on that basis? Does it stand to reason that I, whose job assignments encompassed reporting incidents to Justice Center, am also the subject of being terminated for quickly reporting an incident deemed reportable to the Justice Center and then labeled abusive or neglectful for reporting such an incident over the objection of the employer that I worked for, whereas I was exercising my due diligence to stop the abuse of that resident at the hands of the very institution responsible for protecting her? **Let the record reflect that since then nothing has happened to the other personnel involved, including but not limited to, Tracey Smith, whereby one of them got promoted, and I have still been punished for doing nothing wrong, and this practice is unfair if not downright deceptive and discriminatory.**

**While Newport Road ICF could not prove that I was not providing adequate care due to ignoring the resident's reportable involvement in a timely manner, it has promoted the other two who were in fact disagreed vehemently with Marie Chery's prompt reporting to the Justice Center to excoriate me on the telephone. They both were spared. Why? Is it an origin-based discriminatory animus or a grave indifference or perceived discrimination? While they both are** still working at their position, let alone being promoted, Newport Road ICF used the uncorroborated allegations of abuse, neglect, or providing inadequate care by ignoring the recipient's reportable incident in a timely manner against me to discriminatorily punish me.

Therefore, Newport Road ICF adversely arbitrarily terminated/excessively punished me, thereby used one-instance allegations, which had never been proven against me, unreasonably and unfairly, in clear violation of due process of law, as embedded in **The Fourteenth Amendment Due Process Clause, and Employment Administrative Procedure Act, 1 N.Y. Jur., Administrative Law, § 184, p. 609. Had I exercised my due diligence when I chose to report the incident right to the Justice Center without being subjected to the demand of Newport Road ICF's undue influence?**

I further request that this Office, and all other concerned ones, bend backward and construe my side of the incident under the interpretation of **Haines v. Kerner,** 404 U.S. 519, 92 S. Ct .594, 30 L Ed. 2d 65 (1972) requiring that pro se pleadings be read liberally); **Soto v. Walker,** 44 F. 3d 169, 173 (2d Cir. 1995) (pro se paper should be interpreted to raise the strongest arguments that they suggest") and then ponder carefully what's set forth so that they can judge for themselves whether or not I have deserved this admonishment without affording me my due process rights to assert my version of the events leading to my termination/excessive punishment on a muted and single unproven issue – the **inadequate care/failure to report a reportable incident allegations involving a service recipient to the VPCR in a timely manner, which have been underpinned just to punish me, and only me, per se. That kind of broken window and chicken sink theory won't stand Equal Opportunity in Employment, Title VI of the Civil Rights Act 1964 (42 U.S.C. 2000 et seq.)(d)(1) and Title VIII 1964 of the Civil Rights Act of 1974. Thus, I will file a Complaint against all concerned for their nonfeasance.**

## STATEMENT OF FACT

**Here are the particulars: I am personally responsible for the reporting of all incidents involving residents or service recipients to the VPCR. I never neglected my responsibilities, and was always at the forefront to do so in a timely manner. Accordingly, I have taken abuse and neglect very seriously, and would refrain from abusing other similarly-situated individuals. When I decided to work in this field, I wanted to make a difference in the resident's life, as well as advocating for them. I have always treated and continue to treat my residents with respect, dignity and concern. First, as for resident at issue, I was in fact reporting such incident in a quicker manner than the institution for which I worked would want me to. When I did so ahead of Newport Road ICF, officials at Newport Road ICF were furious, including Tracey Smith, who called me on March 18, 2016, to excoriate me for reporting the incident to the Justice Center without first talking to them. Second, when Tracey Smith called me on March 18, 2016, she made it clear that Newport Road ICF wanted the matter to be moot. Three, even assuming arguendo that this allegation was to be true, this alone did not level to Category 3 neglect pursuant to Social Services Law Sec. 493(4)©.**

## STATEMENT OF LAW

The burden of proof in disciplinary matters rests with the employer, and the employer must meet that burden by providing the charges against an employee by a preponderance

of the evidence. The test to establish whether a rule or action is arbitrary and capricious involves determining if the action is justified by examining whether there is some foundation on the record. See 1 N.Y. Jur., <u>Administrative Law</u>, supra. "An action is arbitrary when it is without a sound basis or reason and is promulgated without regard to the facts." <u>Pell v. Board of Education</u>, 34 N.Y.2d 222, 313 N.E.2d 321 (1974). Although discretion is generally given to the agency, an administrative action is to be upheld only when there is evidence that constitutes a rational basis to support it. See Brodsky v. Zagata, 222 A.D.2d 48, 646 N.Y.S.2d 188 (3d Dep't 1996).

Here, the Category 3 Neglect imposed by NYS Justice Center should be brushed off and struck down/ amended as being too harsh on a person who was too eager to report an abuse, but was excoriated by that institution for so quickly reporting it. The report by Newport Road ICF was arbitrary and capricious because he/she has provided no justification in reaching his/her decision or in carrying the policy of this institution. By the way, they have violated their own policy when trying to coerce me not to report the alleged abuse to Justice Center. Besides, it centered its decision simply on a broad issue – **"failure to report a reportable incident involving a service recipient to the VPCR in a timely manner"**, without defining exactly what I did wrong. I was quick during the process of helping the resident by reporting what transpired that Newport Road ICF did not like my devotement, in part because Tracey Smith and her acolytes would always want to keep the incident unreported. For the record, I was summoned to the administrative office for being too hasty in reporting the matter to the Justice Center. Therefore, the notion of not reporting so in a timely manner was a made-up story just to soothe their wrongful employment decision. At the very least, I was rushing to show my willingness to respond to the needs of that service recipient.

Moreover, residents in group homes are trained to help themselves, to wit, it was an isolated incident that the resident ultimately fell, in part because Tracey Smith was eager to misconstrue the records to the benefits of Newport Road ICF. With all due respect, Newport Road ICF officials betray a lack of understanding of the uniqueness of their role as arbiters of fact. They ignore all the crucial facts that led me to that incident, where I, also, fell victim for being honest and was used as a scapegoat.

The notion that I should be subject to Category 3 neglect or Abuse does not give rise to the level of punishment and is pale in comparison to deep-seated neglect or abuse endured by other residents. That my due diligence to help the resident by rushing to report that incident had resulted in an anomaly is no way justifying punishing me to Category 3 Neglect pursuant to Social Services Law Sec. 493(4)©. I have provided a prompt reporting to the Justice Center and to say otherwise is pretextual and borders on conspiracy and **earlier hear-says** or **story of abuse fomented by Newport Road ICF**, who has had an axe to grind, or unknown party with a grudge against me. Thus, this action of suspension and/or termination is contentious and wholly out of line with any sound established policy. A **Step 1 Paper Review or thorough expungement** of the existing decision is the viable way to resolve the issue to the mutual assent of all concerned so that a prolonged litigation could be warded off.

It's undisputed that I was labeled as such because they harbor biasedness on every issue involving me. How could a decision have been rendered without all the facts of the case? How could a letter of disciplinary not have given to me? How could I have been treated so unfairly by an institution that I worked for almost one year to the benefits of the residents? In the instant matter, **only one side of the story was heard and decided thereon, and the underpinning**

**Newport Road ICF used to suspend/terminate my employment was un-reportable incident or failure to report a reportable incident involving a service recipient to the VPCR in a timely manner -- allegations that had never been proven by the employer.** Why did they reason out that way? They failed to equitably fairly judge me based on my bona fide persona, whereas they used any conspirational, third-party personal vendetta to punish and destroy me. At this juncture, no one should turn a deaf ear on that. They again condoned conspiracy and supported unfounded allegations of personal animosity just to soothe their intended objective and Newport Road ICF's – to cause me at all costs to lose my employment at this facility and, hence, my human prestige, without any rational basis whatsoever, whereas they favored one party with an ulterior motive over another. Where is the evidence against me and why all the facts have been hidden? To use the failure to report a reportable incident allegations as the underpinning of Category 3 Neglect to terminate my employment is cause for concern, and, hence, amount to discriminatory animus.  Any trier-of-fact-finders would ask whether this clause of un-reporting such incident in a timely manner" occurred on many instances and for each instance, I have failed to do so. This was simply made-up to justify my termination and career destruction, and this will determine the telium of this matter.

Furthermore, no material facts have been proven and no preponderance of the evidence has been adduced at the "ad-hoc", ipso facto inadequate due diligence, let alone the biased investigation that was conducted by the employer and supported by Justice Center, which has no idea of what transpired. They cannot adjudicate their decision on only a **chicken-sink-theory issue** and the self-serving statement of third-party, as well as on any biased official witnesses' make-believe statements just to soothe their own interest. Once again, I did not fail to report reportable incident involving a service recipient to the VPCR in a timely manner, neither did I obstruct any report of reportable incidents, and it's being used as the chicken-sink theory to unjustly terminate me.

The different standards set for other acolytes with ulterior motives exemplify the malevolent practice ignominiously engineered and condoned by Newport Road ICF. The fact of the matter is: The matter did not become mature enough for their decision at the close of the hearing, of course, there should have been a formal hearing, when in fact I had not fully been heard, nor had any thorough investigation been conducted as to call forward any witnesses. They simply rushed to judgment with no rational statement of reasons for the termination. Therefore, **the Newport Road ICF's decision is**

**conspirational, calculated, arbitrary and capricious, discriminatory and without good cause.**

Newport Road ICF should not tolerate "smear-campaign" discrimination, retaliation, and harassment in any form. I do know this for sure. Nonetheless, the unknown element has set out to tarnish the Center's commitment to maintain a work environment of mutual respect, which is free of personal animosity, harassment and bias. This will be dealt in strict accordance with Title VII of the Civil Rights Act of 1964, 701 et seq. should this trend continue

One thing this matter **is not really about** is whether I actually committed the act of which I am accused: obstruction of report reportable incidents on one instance and failure to report a reportable incident on another instance. Was I, as a Grievant, terminated for any wrongdoing, or for "smear-campaign" discrimination or vendetta against me? How many days does the Administrative Rule require before suspension of position, probation and then termination? You be an Administrative Law Judge! Where the evidence equally supports both sides –assuming arguendo – the employer has not met its burden, all parties which committed a wrongful act, must pay their price or be liable for their wrongdoing. The fact remains that I did not fail to report anything involving a service recipient to the VPCR in a timely manner. Rather, it was Tracey Smith who called me to intimidate me and used smear tactic on March 18, 2016 to know whether I reported the incident or not. When I replied **in the affirmation, she intoned that I would be terminated.**

Newport Road ICF violated my **Eighth Amendment to the U.S. Constitution, which forbids some punishments entirely. In Furman v. Georgia (1972), Justice Brennan wrote, "There are, then, four principles by which we may determine whether a particular punishment is 'cruel and unusual'".**

The "essential predicate" is "that a punishment must not by its severity be degrading to human dignity," especially torture and human indifference.

"A severe punishment that is obviously inflicted in wholly arbitrary fashion."

"A severe punishment that is clearly and totally rejected throughout society."

"A severe punishment that is patently unnecessary……………………."

That said, the hasty decision, without facts and proven evidence of wrongdoing, has caused unnecessary economic loss, physical and emotional pain, coupled with the arbitrary suspension, constituting cruel and unusual punishment. Because the administrator's actions are degrading to human dignity, inflicted in wholly arbitrary fashion, rejected by any civilized institution, and unwarranted, hers constitute a violation of my rights. Isn't it a scorched-earth decision by Newport Road ICF to report me to the NYS Justice Center when in fact there is no truth in all the accusations against me? Thus, come the long suffering for my family and its indefinite extensions with an arbitrary and capricious deep-seated bias against me. As a semi-disabled person myself, I feel guilty,

6

not because of the charges leveled against me, but because of the aggravated, psychological and punitive injury sustained during the course of this ordeal.

Here, clear and convincing evidence shows that the adversarial party exaggerated the event at the outset simply to provoke hostile action on Newport Road ICF's part. Any means whatsoever employed in disguise to intentionally or emotionally provoke a group or a person to hostile action cannot itself lead any **rational trier of facts** to hold the victim of such action responsible for conspirational allegations. That Newport Road ICF's rank-and-files failed to use their judgment to see that I was not committing any wrongdoing is an unresolved issue. Their complete lack of sensitivity and investigative savvy defies human respect and, hence, borders hostile work environment. As such, I cannot be bludgeoned into accepting a reverse disciplinary action and hence, long endemic termination on any Category 3 Neglect. Thus, legal remediation will be sought in all necessary forms whatsoever.

The law and regulation states, in part, any offensive/adverse action adapted to give offense, thereby displeasing or annoying the victim, is deemed aggressive or litigious. Therefore, I was not doing any thing wrong when I quickly reported the incident during the process of handling it, which I indeed did, not the other way around, and cannot be punished for doing so as an excuse for other grudges against me that were not materialized.

To note parenthetically, Title VII creates a cause of action based on the presence of a hostile working environment when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment. So, there is overwhelming evidence, based on the totality of the facts, to raise a fact issue as to whether Newport Road ICF's overreacted decision is merely a pretext for causing harm to my career. Thus, their decision is without any rational basis and, hence, borders on the hostile work environment, discriminatory animus, pervasive harassment, insult, and cruel and unusual punishments.

To prove that an employer's proffered reasons for its actions were a pretext for discrimination, a **Title VII plaintiff can either directly persuade the Court that a discriminatory reason more likely motivated the employer or show indirectly that the employer's proffered explanation is unworthy of credence. Civil Rights Act of 1964, 701 et seq., 42 U.S.C. Sect. 2000e et seq.**

**For instance, all employee handbooks say for the first violation of a rule, a person is warned; for the second violation, a person is suspended; and for the third, a person is fired. If a person is either demoted, transferred, or fired after only one violation, it may be illegal firing. My termination was not predicated on any un-reportable incident, in part because all the administrative procedure had been followed. That's a termination in disguise, which will be dealt in strict accordance with the labor law.**

Accordingly, unlawful discriminatory animus predicated on conspiracy and innuendo of any third-party's motive, personal vendetta, deep-seated hatred, power-hungriness motivate that third-party to foment story and in the process catapult Newport Road ICF to

act irresponsibly and without any sound judgment, not that I committed any act of neglect or un-reportable incident. For all the foregoing reasons, Plus Group Home's decision should be abrogated, as it borders on no sound basis or judgment, and without any regard to facts, and that I respectfully request that NYS Justice Center's decision be reconsidered and amended to Step 1 Paper Review commensurate with what's set forth in my appeal.

Respectfully submitted,

*Marie Chery*
Marie Chery

cc: Nassau District Attorney's Office
    Criminal Complaint Review Unit
    272 Old Country Road
    Mineola, NY 11501

State of New York )

        ss.:)

County of Queens

Sworn to and subscribed before me this ----$2$---- day of June 2016

*Nadege Jean*
Notary Public

Nadege   Jean
NOTARY PUBLIC, State of New York
Qualified in Queens County
No 01JE6316857
Commission Expires: 10/27//8

**Marie Chery**
175 Louis Avenue
Elmont, NY 11003

February 13, 2017

**Administrative Appeals Unit**
Justice Center for the Protection of People with
Special Needs
161 Delaware Avenue
Delmar, NY 12054

Re: Letter-Brief setting forth my Version of the Events transpiring my
Arbitrary and Capricious Termination on Muted Abuse or Neglect and Grounds in
Regard to the Unfair Decision predicated on no Fact-Findings of Wrongdoing,
inasmuch as there was no Abuse or Neglect at the Outset – Finding Neglect or Abuse
on one Violation is excessive Punishment. Thus, an Expungement or Step 1 Paper
Review of the decision is respectfully requested.

Legal Action will be ensued brachystochronically unless the Center reverse course

VPCR Case Serial Number 551047958; **VPCR Adjudication Case Number
521051720**

## STATEMENT OF CASE

As previously set forth, I, Marie Chery, respectfully submit this letter-style memo-brief,
to wit, my rebuttal, or the second request for the amendment of the report, setting forth
*my version of the events transpiring my wrongful/excessive punishment,* of which an
uncorroborated report, based on innuendoes and misfeasance, was submitted for abuse or
neglect of a resident **under the auspices of Newport Road ICF** -- for which unfounded
act was not proven. I hereby disagree with the Administrative Appeals Unit's misguided
decision and wish to further the Appeal Process. As I stated before, I have been singled
out for abuse or neglect when in fact it was imperative that I report the abuse perpetrated
by the very institution that imposed this punishment on my persona to the office that
oversaw such abuse. Had I not done so, another type of charge would still be lodged to
that effect.  As such, I had not been neglected in the pursuit of my duties inasmuch as I
was very active determining what transpired and reported so immediately. To paraphrase
what Tracey Smith said to me on March 18, 2016, she did ask me whether or not any
attempts were made to Justice Center relative to the incident, when I said, "yes', she
replied that "we could no longer accept any grievance" and that "we'll not accept you at
our institution any longer." "I will make sure that you never work in this field again." "I
will report you to appropriate authorities." Accordingly, I vehemently refute the
Administrative Appeals Unit's sustaining of unsubstantiated report. The request for
amendment of the unsubstantiated report should have been granted. Besides, **I welcome
any furthering of the case at the Administrative Hearings Bureau.**

1

At first, I went on March 16, 2016 to visit Tracey Smith for a permanent position within the same field and job assignments. Then Natouchka Voigt came over and requested that she talked to me about the incident that occurred. Natouchka told me once I reported the incident to her, you should not have reported it to the manager. So, there's been a cover-up throughout this matter and that I was terminated simply as a pretext for failure to report un-reportable incident involving a service recipient to the VPCR in a timely.

Ostensibly, it's the nature of this establishment not to condone acts of misfeasance and dishonesty, and when someone releases such information, illegal or arbitrary action is being taken against that person. There can be no **Category 3 offense** when in fact I was doing my job assignment in reporting what's deemed necessary and suitable for the well-being of the residents and Justice Center itself. Therefore, they have kept my name on the **VPCR Staff Exclusion List** just to silence me.

I was simply trying to perform my duties and exercise my responsibilities in strict accordance with the law. Nonetheless, Newport Road ICF was simply interested in concealing the facts of the matter, rather than revealing what's set forth. While in fact I was exercising my due diligence to extend my heartfelt help and I was singled out in the process. For the record, I solely reported what was transpired, but was not involved per se in any incident. Thus, Justice Center either misconstrued the records or sided with Newport Road ICF just for the sole purpose of destroying my career.

Nonetheless, I was terminated on an unsubstantiated Category 3 finding of abuse or neglect as a pretext for failure to report an incident in a timely manner, which was unfounded, because it was not deemed "abuse or neglect or a failure to provide adequate care". The employer wanted me to consult with its staff before proceeding to the Justice Center, whereas it reported to the same that I failed to report in a timely manner just to soothe its wrongful termination of my employment.

First of all, I was wrongfully labeled the person responsible for the untimely reporting of the said incident, inasmuch as I was railroaded for the immediate reporting to Justice Center. So, I was not ignoring the recipient's reportable incident to the **VPCR**, and I was in fact exercising my responsibility in time. The Newport Road ICF was simply rushing to judgment, and the Justice Center simply was accommodating its sister institution without any objective standard. What a conundrum! While Newport Road ICF sets rules and policies governing employees' behavior and actions, why has it cast a scant eye on its misreporting the incident in the process of diverting the general public's attention to the real issues? Did Newport Road ICF and/or NYS Justice Center have all the fact-findings to terminate me on that basis? Does it stand to reason that I, whose job assignments encompassed reporting incidents to Justice Center, am also the subject of being terminated for quickly reporting an incident deemed reportable to the Justice Center and then labeled abusive or neglectful for reporting such an incident over the objection of the employer that I worked for, whereas I was exercising my due diligence to stop the abuse of that resident at the hands of the very institution responsible for protecting her? **Let the record reflect that since then nothing has happened to the other personnel involved, including but not limited to, Tracey Smith, whereby one of them got promoted, and**

2

I have still been punished for doing nothing wrong, and this practice is unfair if not downright deceptive and discriminatory.

While Newport Road ICF could not prove that I was not providing adequate care due to ignoring the resident's reportable involvement in a timely manner, it has promoted the other two who were in fact disagreed vehemently with Marie Chery's prompt reporting to the Justice Center to excoriate me on the telephone. They both were spared. Why? Is it an origin-based discriminatory animus or a grave indifference or perceived discrimination? While they both are still working at their position, let alone being promoted, Newport Road ICF used the uncorroborated allegations of abuse, neglect, or providing inadequate care by ignoring the recipient's reportable incident in a timely manner against me to discriminatorily punish me. Therefore, Newport Road ICF adversely arbitrarily terminated/excessively punished me, thereby used one-instance allegations, which had never been proven against me, unreasonably and unfairly, in clear violation of due process of law, as embedded in **The Fourteenth Amendment Due Process Clause, and Employment Administrative Procedure Act, 1 N.Y. Jur., <u>Administrative Law</u>, § 184, p. 609. Had I exercised my due diligence when I chose to report the incident right to the Justice Center without being subjected to the demand of Newport Road ICF's undue influence?**

I further request that this Office, and all other concerned ones, bend backward and construe my side of the incident under the interpretation of **Haines v. Kerner**, 404 U.S. 519, 92 S. Ct .594, 30 L Ed. 2d 65 (1972) requiring that pro se pleadings be read liberally); <u>**Soto v. Walker**</u>, 44 F. 3d 169, 173 (2d Cir. 1995) (pro se paper should be interpreted to raise the strongest arguments that they suggest"), and then ponder carefully what's set forth so that they can judge for themselves whether or not I have deserved this admonishment without affording me my due process rights to assert my version of the events leading to my termination/excessive punishment on a muted and single unproven issue – the **inadequate care/failure to report a reportable incident allegations involving a service recipient to the VPCR in a timely manner, which have been underpinned just to punish me, and only me, per se. That kind of broken window and chicken sink theory won't stand Equal Opportunity in Employment, Title VI of the Civil Rights Act 1964 (42 U.S.C. 2000 et seq.)(d)(1) and Title VIII 1964 of the Civil Rights Act of 1974. Thus, I will file a Complaint against all concerned for their nonfeasance.**

<u>STATEMENT OF FACT</u>

<u>Here are the particulars</u>: I am personally responsible for the reporting of all incidents involving residents or service recipients to the VPCR. I never neglected my responsibilities, and was always at the forefront to do so in a timely manner. Accordingly, I have taken abuse and neglect very seriously, and would refrain from abusing other similarly-situated individuals. When I decided to work in this field, I wanted to make a difference in the resident's life, as well as advocating for them. I have always treated and continue to treat my residents with respect, dignity and concern. First, as for resident at issue, I was in fact reporting such incident in a quicker manner than the institution for which I worked would want me to. When I

3

did so ahead of Newport Road ICF, officials at Newport Road ICF were furious, including Tracey Smith, who called me on March 18, 2016, to excoriate me for reporting the incident to the Justice Center without first talking to them. Second, when Tracey Smith called me on March 18, 2016, she made it clear that Newport Road ICF wanted the matter to be moot. Three, even assuming arguendo that this allegation was to be true, this alone did not level to Category 3 neglect pursuant to Social Services Law Sec. 493(4)©.

## STATEMENT OF LAW

The burden of proof in disciplinary matters rests with the employer, and the employer must meet that burden by providing the charges against an employee by a preponderance of the evidence. The test to establish whether a rule or action is arbitrary and capricious involves determining if the action is justified by examining whether there is some foundation on the record. See 1 N.Y. Jur., Administrative Law, supra. "An action is arbitrary when it is without a sound basis or reason and is promulgated without regard to the facts." Pell v. Board of Education, 34 N.Y.2d 222, 313 N.E.2d 321 (1974). Although discretion is generally given to the agency, an administrative action is to be upheld only when there is evidence that constitutes a rational basis to support it. See Brodsky v. Zagata, 222 A.D.2d 48, 646 N.Y.S.2d 188 (3d Dep't 1996).

Here, the Category 3 Neglect imposed by NYS Justice Center should be brushed off and struck down/ amended as being too harsh on a person who was too eager to report an abuse, but was excoriated by that institution for so quickly reporting it. The report by Newport Road ICF was arbitrary and capricious because he/she has provided no justification in reaching his/her decision or in carrying the policy of this institution. By the way, they have violated their own policy when trying to coerce me not to report the alleged abuse to Justice Center. Besides, it centered its decision simply on a broad issue – **"failure to report a reportable incident involving a service recipient to the VPCR in a timely manner"**, without defining exactly what I did wrong. I was quick during the process of helping the resident by reporting what transpired that Newport Road ICF did not like my devotement, in part because Tracey Smith and her acolytes would always want to keep the incident unreported. For the record, I was summoned to the administrative office for being too hasty in reporting the matter to the Justice Center. Therefore, the notion of not reporting so in a timely manner was a made-up story just to soothe their wrongful employment decision. At the very least, I was rushing to show my willingness to respond to the needs of that service recipient.

Moreover, residents in group homes are trained to help themselves, to wit, it was an isolated incident that the resident ultimately fell, in part because Tracey Smith was eager to misconstrue the records to the benefits of Newport Road ICF. With all due respect, Newport Road ICF officials betray a lack of understanding of the uniqueness of their role as arbiters of fact. They ignore all the crucial facts that led me to that incident, where I, also, fell victim for being honest and was used as a scapegoat.

The notion that I should be subject to Category 3 neglect or Abuse does not give rise to the level of punishment and is pale in comparison to deep-seated neglect or abuse

4

endured by other residents. That my due diligence to help the resident, by rushing to report that incident had resulted in an anomaly is no way justifying punishing me to Category 3 Neglect pursuant to Social Services Law Sec. 493(4)©. I have provided a prompt reporting to the Justice Center and to say otherwise is pretextual and borders on conspiracy and **earlier hear-says** or **story of abuse fomented by Newport Road ICF**, who has had an axe to grind, or unknown party with a grudge against me. Thus, this action of suspension and/or termination is contentious and wholly out of line with any sound established policy. A **Step 1 Paper Review or thorough expungement** of the existing decision is the viable way to resolve the issue to the mutual assent of all concerned so that a prolonged litigation could be warded off.

It's undisputed that I was labeled as such because they harbor biasedness on every issue involving me. How could a decision have been rendered without all the facts of the case? How could a letter of disciplinary not have given to me? How could I have been treated so unfairly by an institution that I worked for almost one year to the benefits of the residents? In the instant matter, **only one side of the story was heard and decided thereon, and the underpinning Newport Road ICF used to suspend/terminate my employment was un-reportable incident or failure to report a reportable incident involving a service recipient to the VPCR in a timely manner -- allegations that had never been proven by the employer.** Why did they reason out that way? They failed to equitably fairly judge me based on my bona fide persona, whereas they used any conspirational, third-party personal vendetta to punish and destroy me. At this juncture, no one should turn a deaf ear on that. They again condoned conspiracy and supported unfounded allegations of personal animosity just to soothe their intended objective and Newport Road ICF's – to cause me at all costs to lose my employment at this facility and, hence, my human prestige, without any rational basis whatsoever, whereas they favored one party with an ulterior motive over another. Where is the evidence against me and why all the facts have been hidden? To use the failure to report a reportable incident allegations as the underpinning of **Category 3 Neglect** to terminate my employment is cause for concern, and, hence, amount to discriminatory animus. Any trier-of-fact-finders would ask whether this clause of un-reporting such incident in a timely manner" occurred on many instances and for each instance, I have failed to do so. This was simply made-up to justify my termination and career destruction, and this will determine the telium of this matter.

Furthermore, no material facts have been proven and no preponderance of the evidence has been adduced at the "ad-hoc", ipso facto inadequate due diligence, let alone the biased investigation that was conducted by the employer and supported by Justice Center, which has no idea of what transpired. They cannot adjudicate their decision on only a **chicken-sink-theory issue** and the self-serving statement of third-party, as well as on any biased official witnesses' make-believe statements just to soothe their own interest. Once again, I did not fail to report reportable incident involving a service recipient to the VPCR in a timely manner, neither did I obstruct any report of reportable incidents, and it's being used as the chicken-sink theory to unjustly terminate me.

The different standards set for other acolytes with ulterior motives exemplify the malevolent practice ignominiously engineered and condoned by Newport Road ICF. The

5

fact of the matter is: The matter did not become mature enough for their decision at the close of the hearing, of course, there should have been a formal hearing, when in fact I had not fully been heard, nor had any thorough investigation been conducted as to call forward any witnesses. They simply rushed to judgment with no rational statement of reasons for the termination. Therefore, **the Newport Road ICF's decision is conspirational, calculated, arbitrary and capricious, discriminatory and without good cause.**

Newport Road ICF should not tolerate "smear-campaign" discrimination, retaliation, and harassment in any form. I do know this for sure. Nonetheless, the unknown element has set out to tarnish the Center's commitment to maintain a work environment of mutual respect, which is free of personal animosity, harassment and bias. This will be dealt in strict accordance with Title VII of the Civil Rights Act of 1964, 701 et seq. should this trend continue

One thing this matter **is not really about** is whether I actually committed the act of which I am accused: obstruction of report reportable incidents on one instance and failure to report a reportable incident on another instance. Was I, as a Grievant, terminated for any wrongdoing, or for "smear-campaign" discrimination or vendetta against me? How many days does the Administrative Rule require before suspension of position, probation and then termination? You be an Administrative Law Judge! Where the evidence equally supports both sides –assuming arguendo – the employer has not met its burden, all parties which committed a wrongful act, must pay their price or be liable for their wrongdoing. The fact remains that I did not fail to report anything involving a service recipient to the VPCR in a timely manner. Rather, it was Tracey Smith who called me to intimidate me and used smear tactic on March 18, 2016 to know whether I reported the incident or not. When I replied **in the affirmation, she intoned that I would be terminated.**

Newport Road ICF violated my **Eighth Amendment to the U.S. Constitution, which forbids some punishments entirely. In Furman v. Georgia (1972), Justice Brennan wrote, "There are, then, four principles by which we may determine whether a particular punishment is 'cruel and unusual'".**

The "essential predicate" is "that a punishment must not by its severity be degrading to human dignity," especially torture and human indifference.

"A severe punishment that is obviously inflicted in wholly arbitrary fashion."

"A severe punishment that is clearly and totally rejected throughout society."

"A severe punishment that is patently unnecessary.........................."

That said, the hasty decision, without facts and proven evidence of wrongdoing, has caused unnecessary economic loss, physical and emotional pain, coupled with the arbitrary suspension, constituting cruel and unusual punishment. Because the administrator's actions are degrading to human dignity, inflicted in wholly arbitrary fashion, rejected by any civilized institution, and unwarranted, hers constitute a violation

6

of my rights. Isn't it a scorched-earth decision by Newport Road ICF to report me to the NYS Justice Center when in fact there is no truth in all the accusations against me? Thus, come the long suffering for my family and its indefinite extensions with an arbitrary and capricious deep-seated bias against me. As a semi-disabled person myself, I feel guilty, not because of the charges leveled against me, but because of the aggravated, psychological and punitive injury sustained during the course of this ordeal.

Here, clear and convincing evidence shows that the adversarial party exaggerated the event at the outset simply to provoke hostile action on Newport Road ICF's part. Any means whatsoever employed in disguise to intentionally or emotionally provoke a group or a person to hostile action cannot itself lead any **rational trier of facts** to hold the victim of such action responsible for conspirational allegations. That Newport Road ICF's rank-and-files failed to use their judgment to see that I was not committing any wrongdoing is an unresolved issue. Their complete lack of sensitivity and investigative savvy defies human respect and, hence, borders hostile work environment. As such, I cannot be bludgeoned into accepting a reverse disciplinary action and hence, long endemic termination on any Category 3 Neglect. Thus, legal remediation will be sought in all necessary forms whatsoever.

The law and regulation states, in part, any offensive/adverse action adapted to give offense, thereby displeasing or annoying the victim, is deemed aggressive or litigious. Therefore, I was not doing any thing wrong when I quickly reported the incident during the process of handling it, which I indeed did, not the other way around, and cannot be punished for doing so as an excuse for other grudges against me that were not materialized. Thus, the Category 3offense is not justified either in law or in logic. As a parent of a child with learning disability, I will always be at the forefront to deter those who set out to commit abuses of disabled residents.

To note parenthetically, Title VII creates a cause of action based on the presence of a hostile working environment when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment. So, there is overwhelming evidence, based on the totality of the facts, to raise a fact issue as to whether Newport Road ICF's overreacted decision is merely a pretext for causing harm to my career. Thus, their decision is without any rational basis and, hence, borders on the hostile work environment, discriminatory animus, pervasive harassment, insult, and cruel and unusual punishments.

To prove that an employer's proffered reasons for its actions were a pretext for discrimination, a **Title VII plaintiff can either directly persuade the Court that a discriminatory reason more likely motivated the employer or show indirectly that the employer's proffered explanation is unworthy of credence. Civil Rights Act of 1964, 701 et seq., 42 U.S.C. Sect. 2000e et seq.**

For instance, all employee handbooks say for the first violation of a rule, a person is warned; for the second violation, a person is suspended; and for the third, a person is fired. If a person is either demoted, transferred, or fired after only one violation, it may be illegal firing. My termination was not predicated on any un-reportable

incident, in part because __all the administrative procedure had been followed__. That's a termination in disguise, which will be dealt in strict accordance with the labor law.

Accordingly, unlawful discriminatory animus predicated on <u>conspiracy and innuendo of any third-party's motive</u>, personal vendetta, deep-seated hatred, power-hungriness motivate that third-party to foment story and in the process catapult Newport Road ICF to act irresponsibly and without any sound judgment, not that I committed any act of neglect or un-reportable incident. For all the foregoing reasons, Plus Group Home's decision should be abrogated, as it borders on no sound basis or judgment, and without any regard to facts, and that I respectfully request that NYS Justice Center's decision be reconsidered and amended to Step 1 Paper Review commensurate with what's set forth in my appeal. I also am willing to accommodate any hearing at the Administrative Hearings Bureau.

Respectfully submitted,

Marie Chery

cc: Nassau District Attorney's Office
Criminal Complaint Review Unit
272 Old Country Road
Mineola, NY 11501

Administrative Hearings Bureau, NYS Justice Center for the Protection of People
With Special Needs, 401 State Street, Schenectady, New York 12305

State of New York )

ss.:)

County of Quee )

Sworn to and subscribed before me this 12th day of February 2017

Notary Public



8



**NEW YORK**
STATE OF
OPPORTUNITY.

**Justice Center for the
Protection of People
with Special Needs**

ANDREW M. CUOMO
Governor

### Administrative Appeals Unit Notice of Administrative Review Determination -
### Substantiated

January 13, 2017

Ms. Marie Chery
PO Box 230417
Hollis, NY 11423-0417

Re:  VPCR Master Case Number 551047958
VPCR Adjudication Case Number 521051720

Dear Ms. Chery:

Pursuant to Social Services Law § 494 an administrative review of the record has been conducted
by the Justice Center Administrative Appeals Unit based upon your request for amendment of the
substantiated report of abuse or neglect regarding the above referenced case.

The Administrative Appeals Unit has reviewed the investigative file, the substantiated report, the
request for amendment and any additional evidence submitted with your request.   As a result of
the review, the Administrative Appeals Unit has determined that a preponderance of evidence
supports the finding(s) of abuse or neglect as well as the category level(s), and the report is
upheld in its entirety.   As such, your request for amendment of the substantiated report is denied.

Your request for amendment of the substantiated report of abuse or neglect will now be referred
to the Administrative Hearings Bureau of the Justice Center.   The Administrative Hearings
Bureau will initiate the hearing by scheduling a pre-hearing conference.   You will receive notice
of the date, time and place of the pre-hearing conference from the Administrative Hearings
Bureau at least 20 days prior to the scheduled date.   An administrative hearing will be scheduled
at the time of the pre-hearing conference.

At the hearing, the Justice Center will be required to produce evidence to support the findings of
the substantiated report by a preponderance of the evidence.   The questions to be addressed at the
hearing are whether there is a preponderance of evidence to support a finding of abuse or neglect,
and pursuant to Social Services Law § 493(4), the category level(s) of abuse or neglect.

If you are successful at the hearing and it is determined that a preponderance of the evidence does

161 Delaware Avenue - Delmar, New York 12054 | 518-549-0200 | justicecenter.ny.gov
Administrative Appeals Unit- Fax number 518-549-1355
E-mail address: jc.sm.admappealsunit@Justicecenter.ny.gov

not support a finding of abuse or neglect, the report will be amended to unsubstantiated and sealed pursuant to Social Services Law sections §§ 493(3)(d) and 496(1).

If you are not successful at the hearing, the Justice Center will confirm its findings in the Vulnerable Persons' Central Register (VPCR).

**You have been found responsible for a Category 3 offense.   A substantiated Category 3 finding of abuse or neglect will NOT result in your name being placed on the VPCR Staff Exclusion List.   Reports that result in a substantiated Category 3 finding will be sealed after five years**

If, upon review of this information, you wish to decline your right to a hearing, please submit your request in writing to the Administrative Hearings Bureau.

For more information about the administrative hearing process, the regulation governing the Administrative Adjudication Process for Substantiated Cases of Abuse and Neglect (14 NYCRR Part 700) is available on the Justice Center's website at http://www.justicecenter.ny.gov (click on "Resources").

Please direct any further correspondence regarding this matter to:

**Administrative Hearings Bureau**
**NYS Justice Center for the Protection of People with Special Needs**
**401 State Street**
**Schenectady, New York 12305.**

Administrative Appeals Unit
NYS Justice Center for the Protection of People with Special Needs

*this is east meadow*
*House 1-1-16*
*By Manager*
*Down Richardson.*

# P.L.U.S. Group Homes, INC

## PERFORMANCE EVALUATION

Name of Employee: _Marie Chery_

Position: _Hab Spec_

Evaluation Period: From _1/1/15_ to _12/31/15_

| POINTS: | (10) | (5) | (3) |
|---------|------|-----|-----|
| 1. Attended Monthly Staff meeting | 11-12 | 10 | 8-9 |
| 2. Absenteeism (sick time only) | 0-3 | 4-6 | 7-9 |
| 3. Tardiness (>20 minutes for a shift) | 0-2 | 3-4 | >3 |
| 4. 4. Corrective/Writes up | 0 | 1 | > 2 |

I.   **KNOWLEDGE OF JOB:** Employee's knowledge and understanding of (behavior plans, proactive treatment, running goals, advocating for Consumers.
  o   **Excellent (10)**
  o   **Good (5)**
  ✗   **Needs improvement (3)**

### Rate Each Area: ( E,G,N)

**BEHAVIOR PLAN:**

A)  Understanding of the Behavior plan _N_      Follows Behavior plan _N_
    Document Behavior data accordingly _N_

B)  **ADVOCATING:**
    Reporting  Consumers needs to Management: (I.E. clothing, Outings,  interest, activities) _N_

    Report Medical concerns to Management _N_

    Ensure Family Style Dining _N_

C)  **RUNNING GOALS :**

    Understands the Goal Plans _G_      Implementing Goal Plan _G_

    Follow Goal Plan _G_      Documents Goals Data Properly _G_

3) _____
_____
_____

**Items needing improvement:**

1) Improve on knowledge of behavior plans, and
tendencies of residents.

2) Improve on providing independence for our residents and
offering choices of activities.

3) Improve on communicating issues with Management/Clinicians
and nurse, as well as documenting any issues in the book.

**Goals Action Plan for upcoming evaluation period:**

1) Continue to learn the policies of the agency and
skills to best complete tasks.

2) Continue to understand teamwork on shift and
providing support to your coworkers & residents.

**Employee Objection/Concerns:**

I never Absent 1 OR 2 time I only call sick
one time hAve good Communication With MY
Co-Worker and MY Manager I ALWAYS CALL the
NURSE IF I See bRUISE OR MARKS on consumer I
ALWAYS Reads communication Log and Document With no PROblem
I get this EVALUATION BecAUSE I RePort HORWORD StAFF LOOK him on
iS Room FOR 3 HRS punishment I RePort abuse MANAGER get angry
and given a bAd EVALUATION BeFore he use to say MARIE you do a good
Job AFTER I RePort AbUSE I be Comme the bAd WORKER Not FoiR.


_Marie C. Chery_          1- 1- 16
**Signature of Employee**          **Date**


_____          _____
**Signature of Asst. Manager/Supervisor**          **Date**

_____          1/30/16
**Signature of Program Manager**          **Date**

**D)** **ACTIVE TREATMENT:**
Engages all individuals throughout the shift (i.e., rec/exercise, household chores,) _G_
Engages all individuals in community _G_
Promotes Independence _N_ Promotes Choices (i.e., food, activities, decision making) _N_
Promotes communication w individuals throughout the shift _G_

**II.** **RESPECT JOB:**
WORK HABITS: Staff professionalism, conduct & interaction with Supervisors, Co-worker and individuals.
Rate each Area: (E,G,N)
Respectful to individuals _G_
Respectful to Supervisors, Clinical Administrative staff and Co-workers _G_
Respectful to Individuals' Family Members directs family members to management _G_
Respect Agency/Individual's Property (vans, phones, appliances, furniture, and house – no feet on furniture, sitting on arms of furniture, no writing on furniture, walls etc.)
Follow Agencies policy and procedures _N_
Uses appropriate Language _G_
Follows assigned tasks with individuals as indicated on daily schedule _G_

**III.** **SUPERVISION: (E,G,N)**
Supervision of Individuals as per their Behavioral plan/POP/Medical plan _N_
Prepares Individual's meals as per their Diet Plan _N_
Supervises meal time as per Individuals plan (proper staffing, portions, consistency i.e., cut to size, chopped, ¼ , ½ ¾ 1 inch etc.  Adds thicket to liquids _G_
Ensures Individual Privacy _G_
Provides supervision in bathroom/bedrooms as required _G_
Provides supervision during community recreation _G_

*NOT AMAP*

**IV.** **MEDICATION ADMINISTRATION: (E,G,N)**
Follow all AMAP procedures (i.e., 5 Rights and Rule of 3)_ N/A_
Provides proper documentation i.e., initial MARs properly, signs back of MAR, Initials and dates blister pack, etc. _N/A_
Orders medication when needed _N/A_
Processes pharmacy delivered meds properly i.e., ensures content for accuracy, signs for delivered meds, counts meds and starts inventory/count sheet, ensures shift AMAP receives medication _N/A_
Ensures proper count _N/A_
Follows proper procedures when receiving medication _N/A_
Contacts Nurse with any medication issues _N/A_

**When did the alleged discrimination occur?**

Date:
3 - 16 - 2016

**Where did the alleged discrimination occur?**

Location:
On the OFFICE at 1228 WANTAGH AVE Suite 201

**Describe what happened. (Please use extra pages if necessary.)**

On 3-11-2016 I spoke to tRACey smith About 3 Position opening and she said APPLY FOR them and she said come to see me on 3-16-2016 When I Got there NAtouchKA vo;2t said I told You that BEFORe stop Reporting things About those consumer and I said to Her antony safety come First she said, I tell You not to Reporting nothing About ANY House, who is under my Responsability, if You need Your Job stop if You Don't stop I'm Going to FIRe them she Did. NAtouchKA on charged FOR 3 House, if You see Abuse she said Don't Call Justice Center, I Get this or Don't Call MY oFFice. on 3.16.2016 NAtouchKA said to me You need Help Your self MARIE You have a bad DISABILITY this Job is not FOR You. I Report it to teResA on 3-16-16

marie cheny 3-16-18

I Just wrote this to Se who telling you the true

1 631-388-9362

Mar 17

The manager said I left the shift it was 6 of use working that day 4 of them go home including Onda me and Michael left Michael cover 1:1 I'm left with 9 consumer by my self it is safe no is not Dona and come I was waiting for the other staff to come it Was 11.49 she never come to release Michael I left I not in one to one the come to cover the shift why natouchka get

160/1

I Left because my Release come the manager said I was suppose to take over the 1:1 that I Let Michael go I said No WAY Because I was not in 1:1 Was on the Floor Natouchka also talk about that to me on the DAY I get fire I Also said why him Because he have to go to another

Outlook Mail

Search Mail and People   |   Hide Mail   Reply |   Delete   Archive   Junk !

**Folders**

Natochca Plus Group...
1 631-388-9362

Plus some co-workers at levettatown don't clean b m when Nancy had one max have to call to clean Nancy why now I be come a bad work when I am the one have to everyone job at levettatown plus no teem work people sleep all night let Micheal go down stairs in ate everything from the Frigidaire in Nancy and Susan x both stay in bed very wait if I give Susan x shower I tell everyone

Type message    Attach

(No subject)

ToysRUs        Marie Celestin
              - LUISAVJAROMA
PCHlotto.com

The Grommet

Better Homes and Gardens Sweepstakes
Photos

Parents.com – Parents Daily

call to clean Nancy why now I be come a bad work when I am the one have to everyone job at levettatown plus no teem work people sleep all night let Micheal go down stairs in ate everything from the

ToysRUs

EmergencyEmail.ORG Alert

Marie Celestin

MyJobHelper AM

Help With Alcohol

Marie Celestin

Marie Celestin

Marie Celestin

Marie Celestin

Marie Celestin

Marie Celestin

Marie Celestin

Marie Celestin

Marie Celestin

Jocelyn Cherry

Marie Celestin

Marie Celestin

Allure

FWx

Marie Celestin

Jocelyn Cherry

Jocelyn Cherry

Addiction Information

Jocelyn Cherry

AHS Warranty

Marie Celestin

Marie Celestin

HSI Alert

UNO

Janice Richardson

(No subje ct)

Ma
You

call to clea now I be work when have to ev levetta teem work all night le dowr everyth

Reply





Fwd: Fwd: Plus some co-workers at levetatown dont clean b m when Nancy had one max have to call to clean Nancy why now I be come a bad work when I am the one have to everyone job at levetatown plus no teem work people sleep all night let Micheal go down stairs I hate everything from the Frigidaire in Nancy and Susan x both stay in bed very wait if I give Susan x shower I tell everyone

1 631-388-9362

Plus some co-workers
at levettatown don't
clean b m when Nancy
had one max have to
call to clean Nancy why
now I be come a bad
work when I am the one
have to everyone job at
levettatown plus no
teem work people sleep
all night let Micheal go
down stairs in ate
everything from the
Frigidaire in Nancy and
Susan x both stay in bed
very wait if I give Susan
x shower I tell everyone

160 / 1

1 631-388-9362

x shower i tell everyone
to wash Nancy for me
the let Nancy go down
stairs when everyone sit
washing TV max was
the I was mad because
the let her go down
stairs max say to me
you are responsible for
Her I said no we alls
responsible for Nancy
since that time the said
the don't want me at
levettatown why no
teem work one is
working do everything
some sit down I think
the need to fix that

160 / 1

Merrick manager cover up for natouchka fortified documents fabricad story if you want to know what going on and does house you need to fire natouchka or many times natouchka called me asking not to report things to the office 4 ago Antony almost died 2 time and the pantry her daughter was uncharged the shift she call natouchka the same day and tell her after the call she come to me said Marie please don't

because i see some i
always tell my
manager about it if
nothing happen i call  i
text Tracey  or
natouchka i do
overtime 5 mount a go
i do one day overtime
Last mount it was a
manager ou call me at
11:30pm at the time i
said i work 40 hrs for
this going to be a
overtime hours  he
called me again said
to levettatown that's
okay now Tracey use
that agains me that's
not fair in unjustly
mistreated me for
northing

Shower I tell everyone
to wash Nancy for me
the let Nancy go down
stairs when everyone
sit washing TV   max
was the I was mad
because the let her go
down stairs max say
to me you are
responsible for Her I
said no we all is
responsible for Nancy
since that time the
said the dont want me
at levetta town why no
teem work one is
working do everything
some sit down I think
the need to fix that
some of people need
to stay up in night for

1 631-388-9362

This is a text I sent to natouchka at the moment I don't mission consumer name natouchka cell asking me for the consume name I said haword at East meadow now she doesn't know about it why cover up the truth I be come a target because I see some I always tell my manager about it if nothing happen I call I text Tracey or natouchka I do overtime 5 mount a

160 / 1

1 631-388-9362

Plus some co-workers at levettatown don't clean b m when Nancy had one max have to call to clean Nancy why now I be come a bad work when I am the one have to everyone job at levettatown plus no teem work people sleep all night let Micheal go down stairs in ate everything from the Frigidaire in Nancy and Susan x both stay in bed very wait if I give Susan x shower I tell everyone

160 / 1

DATE OF HIRED : JUNE 18-2015 AS PER DEIM

DATE OF FIRED : MARCH 16-2016

REASON OF FIRED : ON 3-11-2016 I SPOKE TO TRACEY

SMITH, about 3 POSITIONS OPENING AND SHE SAID

APPLY FOR THEM, AND SHE SAID COME TO SEE MEA

WENESDAY 03-16-2016, WHEN I GOT THERE

NATOUCHEKA SAID I TOLD THAT BEFORE STOP REPORTING

THINGS ABOUT THOSE COMSUMER AND I SAID TO HER

ANTONY SAFETY COME FIRST SHE SAID, I TELL you NOT to

REPORTING NOTHING ABOUT ANY HOUSE WHO IS UNDER

My RESPONSABILITY, IF you NEED your JOB STOP IF you

DON'T STOP I'M GOING TO FIRE THEN SHE DID, NATOUCHEKA

ONE CHARGED 3 HOURES IF YOU SEE ABUSE SHE SAID DON'T CALL

JUSTICE CENTER, I GET THIS OR don't CALL MY OFFICE

NATOUCHEKA ACCUSED ME NOT REPORTING TO HER HAVE PROVE

ALL THE TEXT I SEND TO HER ABOUT ABUSE AND INCIDENT

THE COMPANY VIOLATED LABOR LAW BY MAKE ME WORK

164 HRS IN 2 WEEKS I ALSO HAVE THE TEXT FROM ALL MANAGER

TEXT ME AND ASK ME TO COME TO WORK NOW THEY WANT bLAM

ME, ALSO you FIRE BECAUSE TO MUCH OVERTIME, I SAID THAT

WAS ON SEPTEMBER LAST YEAR NATOUCKEKA SAY, YES MARIE you

ALSO FIRE FOR THAT TOO I SAID TO NATOUCKEKA HOW MANY TIMES

you CALL ASKING ME PLEASE DON'T REPORT INCIDENT TO

WANTACH OR JUSTICE CENTER, IN ONE WEEK 3 OR 4 ~~PERSON~~

INCIDENT HAPPENED BUT STAFF COVER THEM UP BECAUSE

Marie C. Chery

NATOUCKER ALWAYS TELLING US PLEASE
DON'T WRITE ANYTHING ABOUT THE INCIDENT
WHAT IS THAT SAFETY COME FIRST ANTONY NEED
TO BE SAFE, HE ALSO NEED TO BE IN !:1 FOR MORE
SAFETY NOT TO FIRE ME OR COVER UP SAFETY
CONCERN FOR THE CONSUMERS.
PLUS GROUP HOME IT'S TIME TO STOP COVER UP
INCIDENT IN FIRE YOUR EMPLOYEES BECAUSE THE
REFUSE TO STOP COVER UP THINGS.
WHY LIER TELL THE TRUTH WE ALSO HAVE TO LIE
WHEN WE DO THE GOLS FOR THE CONSUMERS,
WE ALSO HAVE TO LIED WE TAKE THEM OUT WHEN
WE DON'T ALL PAPERS WORK ARE LIE WHEN I REFUSE
THE ASSISTANT MANAGER SAID: THIS IS THE WAY
FOR THE COMPANY TO GET PAY' ONE.
ONE MARCH 16-2016 I RECEIVED A PHONE CALL FROM
TERESA, (EXECUTIVE DIRECTOR) SHE SAID:
I TALK TO NATOUCHEKA AND TRACEY BOTH SAID
THEY NEVER SEE AND I SAID I WAS IN THE OFFICE
SHE SAID IF YOU WERE THERE WHAT DRESS COLOR
THEY WEAR? AND I SAID TRACEY WEARED WHITE
TAP AND NATOUCKEKA WEARED ALL BLACK, AND
SHE STARTED SCREAMING TO THEM WHY YOU LIE TO
ME AND THEM SHE SAID I'M CALLING YOU BACK
MARIE.

On 8-23-2015, I called TRACEY Smith and told her, the door can't Close, Also it not safe for the consumers, It was 3:30 PM, She said, I will send someone to Fixed the door today. AT 8:02 PM, I send her a text message about the door need to be Fixed, I get Report at 300 PM, The STaFF said to me, One of the Consumer name, Heater was missing, and one neighbor Find her was playing with the garbage Can. That's why I called TRACEY Smith to send someone to fix the door. On 8/24/2015 TRACEY Smith called me, she said, I'm going to fired you. I said Why? She said because you never report the front Can't close. also you never report Heater incident. After I talked to her BOSS TERESA CANCILLA Executive director, She said to me Marie go home you're not fired, and she said to TRACEY, I can't make her responsible for something It not even Happened on her shift. I Also Tell TERESA I'm willing to participate in any investigation If you which to do one.

Marie Chery

175 Louis Avenue
Elmont, NY 11003

Justice Center said if you see abuse, report it. But that's not true when something happens, you call them, the investigator always stand for the company.

JUSTICE CENTER, since your investigator protected the company if you don't see the company in the investigator, making false allegations against me, if something happened on March 1, 2016 why wait until April 24, 2016 to make a false report. The investigator said I have Antony the day of incident, that's another lies, plus the incident happened on 2/15/2016 and another one on 2/16/2016. After that I only worked one more week with that group. It was impossible to work with them on 2/27/2016, it was a Saturday. I finished overnight on Sunday 2/28/2016. Wonda came for 7 - 3 shift, soon she see me she started yelling and screaming, said I steal $ 60 from her bag. I said when she replied on 2/23/2016. I said to her why you wait until 2/28/2016? She was screaming about it, I said to Wonda : "Did you remember you asked me for money because you don't have any money to give your daughter that day to give to your daughter to go school. I only have $10 I give it to her, if you have $60 why asking people for money, including me. On 02/29/2016. I took her to the manager in I left the shift; no more working Monday and Tuesday for me. I left with Friday and Saturday. Remember I become a target after I reported Anthony's incident. The manager didn't want me in the house and my co-workers. On 03/01/2016 Wonda make another false accusation I steal her tax paper I take her to the manager she said I am sorry I find it upstairs. Wonda and Natoucka to best friend and cover for each other. Tracy Smith told me that she was an investigation and she also worked for the company as investigator, she just wanted me to know.

Marie Cherry

*Marie Cherry*

6/9/2016

KEDNER P. STIVEN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01ST5075230
QUALIFIED IN QUEENS COUNTY
COMMISSION EXP. ON 03/31/ 2019

MARIE CHERY TAKES FULL RESPONSABILITY FOR THE INCIDENT WAS HAPPEN TO HELLEN I SAID TO MARJORY. I'M NOT GOING TO SIGN IT THEN I'M NOT THE ONE FEEDING HELLEN IT WAS KEISHA (ASSISTANT MANAGER) WHO WAS FEEDING HELLEN MARJORY CALL NATOUCHEKA AND NATOUCHEKA SAID PUT MARY ON THE PHONE SHE SAID SOME ONE NEED TO GET BLAME FOR IT. AND SHE SAID SIGH IT MARY DON'T WORRY. IT'S NOTHING. AND I SAID IT NOTHING FOR YOU BUT IT'S SOMETHING FOR ME I REFUSED TO SIGN IT

ON 09-28-2016 # I WAS IN CPR CLASS NATOUCHEKA CAME IN THE CLASS SHE TOOK MY HAND SHE TOLD ME MARY DON'T TALK TO HELLEN'S INCIDENT IF YOU DO SO- I'M TELLING YOU, YOU WILL LOOSE YOUR JOB AND DON'T CALL JUSTICE CENTER TO REPPORT IT I COULD LOOSE MY JOB IF YOU WANT YOUR JOB. YOU HAVE TO SILENCE. I SAID THIS NEED TO REPPORT TO JUSTICE CENTER. SHE SAID DO IT YOU WILL BE OUT OF JOB.

Marie Chery

And she called me Back, she said:
I want you to write a Grievance Letter to Get
your Job Back, and I made it then I received
a Phone call From Tracey smith on March 18-2016
she did ask me whether or not any attempts
were made to Justice Center Relative to the incident
when I said "yes", she replied that: "We could No
Longer accept any grievance" and that we'll not
accept you at our institution any longer. "I will
make sure that you never work in this field again
I will report you to appropriate authorities.
   they said the day of the incident I was assigning
For cooking I never had Antony that day. 2-15-2016
Antony was assigned to a spanish Lady name: Haisia
she's From Beacon Agency not me
on 2-16-2016 Antony was assigned to Woodlyne
also From Beacon Agency, she Brought a small
Bottle of Alcool and put it in the Fridge and
she find a bottle empty Antony was laying on the
Pantry Rom Down stairs on the Basemant
Natouckeka notified the same day by her Daughter
about the incident and she talk to all of us
one by one do not talking about the incident
I said we have to call Justice Center and
Repport the incident and Natouckaka replied: No
*Monie Chery*

ON 09-24-2015 I WAS ON MY BED (SLEEPING)
A MANAGER FROM MERRICK HOUSE SHE CALL ME
TO COME TO COVER A SHIFT FOR HER AND I SAID
NO IT'S TOO LATE AND SHE CALL ME AGAIN SHE
SAID I REALLY NEED YOU TO COME SOO. WHEN
I GET THERE NO ONE TELL ME IF HELLEN IS GOING
FOR EYE SURGERY I WAY ASSIGNED FOR KITCHEN
TO COOK AND I TELL ONE OF MY CO WORKER
TO TAKE OVER THE KITCHEN FOR ME AND SHE DID
ONE OF MY CO WORKER GIVE EVERY BODY BREAKFAST
INCLUDING HELLEN I WAS UP STAIRS GIVING SHOWER
TO TWO OTHER CONSUMER I WAS ASSIGNED TO.
WHEN I CAME DOWN I SAW HELLEN SEATING
NEXT TO THE ASSISTANT MANAGER ANOTHER CO WORKER
NAME CARLINE SHE SAID WHO FEED HELLEN THIS MORNING
SHE WAS SUPPOSE TO GO TO SEE HAVE A EYE SURGERY
TO DAY IMMEDIATLY THE ASSISTANT MANAGER TAKE A
NOTE BOOK SHE MAKE EVERY ONE SIGN. AS THEY
KNOW HELLEN GOING TO SURGERY ACCEPT ME
ON 09-26-2015 MARJORY CALLED YOU ME
SHE SAID I WANT COME TO SEE ME.
WHEN I GET THERE SHE GIVE ME A LOT OF PAPER
TO SIGN SHE SAID DON'T READ THEM JUST SIGN
SHE SAID THIS IS YOUR EVALUATION, WHEN I READ
THEM, SHE MAKE THE PAPER SHE PUT ON IT

Marie C. Cherry